## CREWS v. MOONEY, *Appellant.*

1. **Alimony.** A decree vesting in the wife specific personal property of the husband, as alimony in gross, is valid, at least when made in pursuance of an agreement of the parties.
2. ———: JUDGMENT. Such a decree, even if it were beyond the power of the court to make it, could not be avoided in a collateral action.

*Appeal from Barry Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*Norman Gibbs* and *L. C. Krauthoff* for appellant.

The statute prescribes the manner of enforcing the payment of alimony by security, and provides that when it is in gross the judgment shall be a general lien on the realty of defendant; (R. S. 1879, §§ 2179, 2180;) and no court has power to render any other or different judgment, or to provide or authorize any other mode of enforcing payment of alimony. The Audrain circuit court had no jurisdiction to decree to the plaintiff the title to specific personal property as alimony in her divorce suit against the defendant. To this extent the decree was void. *Maguire v. Maguire*, 7 Dana 181, 182, 189; *Crain v. Cavana*, 62 Barb. 109. The right of the wife to alimony is a personal claim on the husband, and she has no lien on any specific property therefor. The court has no more power to assign to her specific property at her suit, than it has to do so in an action by an unsecured creditor. 2 Bish. Mar. and Div., (6 Ed.) § 427; *Almond v. Almond*, 4 Rand. 662, 668; *Russell v. Russell*, 4 Greene (Iowa) 26, 29; *Phelan v. Phelan*, 12 Fla. 449, 456; *Calame v. Calame*, 25 N. J. Eq. (10 C. E. Green) 548. Even if the decree in divorce gave the respondent the right to the property in controversy, still she must then have sought the possession thereof through a writ from the Audrain court, and not have made the decree the basis of a new action in another court of the State. Each circuit court has the power to enforce all of its own valid decrees within the State.

*Forrist* for respondent.

SHERWOOD, C. J.—Mary B. Mooney, now Crews, brought replevin against defendant, her former husband, for certain articles of personal property: a piano, sewing machine, pony, etc., which were decreed to her by the Audrain circuit court, as alimony in gross, in a suit for divorce brought by the wife against her then husband, in which suit a final

decree was rendered, both parties being present in person and by attorney. Such final decree also gave to the wife the care and custody of her infant child, and ordered that the defendant pay to the plaintiff $120 annually, for the support and maintenance of such child. Plaintiff, in her own behalf, testified that she was the owner of the property sued for by virtue of the decree aforesaid; that it had been rendered on a compromise or agreement between the respective attorneys of defendant and plaintiff; that prior to the commencement of this action demand had been made of defendant for the property. At the time of the entry of the decree and of the demand made, the property was in Barry county, Missouri. The defendant also testified that he consented to the decree as rendered.

Our statute respecting divorce provides that "where a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable." 1 R. S. 1879, § 2179. And the next succeeding section provides that "upon a decree of divorce in favor of the wife, the court may, in its discretion, decree alimony in gross or from year to year," and this section further declares that "when alimony is decreed in gross, such decree shall be a general lien on the realty of the party against whom the decree may be rendered, as in the case of other judgments."

I.

The jurisdiction of the Audrain circuit court to render a decree in the premises, divorcing the parties, is unquestioned. The only portion of the decree questioned is that which gives plaintiff alimony in gross in and of the personal property aforesaid. And the question arising upon this record is: Did the Audrain circuit court by that decree vest in the plaintiff the title of such personal

property? If it did, she can maintain this action—otherwise not.

Alimony is said to be: An allowance made to a wife out of her husband's estate or income for her support, upon her divorce or separation from him, or during a suit for the same. 2 Bishop Mar. and Div., § 427. The usual signification of the term alimony, in the English books, is a sum or portion allotted to the wife for her maintenance, from year to year, either during a matrimonial suit or upon a divorce. 1 Black. Com., 441. " It is not, under the unwritten law, a gross sum, or a specific part of the husband's estate, transferred to the wife *in specie;* but it is a continuous allotment of sums payable at regular periods for her support from year to year." 2 Bishop Mar. and Div., § 427. And it has been held that: " The court cannot decree to the wife as alimony a gross sum, an absolute title in specific property, or a sale of a part of the husband's estate for her use." Ib.

But however correct the above definitions and remarks may be when applied to divorces at common law, so many changes have been wrought by statutes of the different states, that we must look to the statute law of each state in order to determine the exact status and rights of parties litigant in matrimonial suits. By reason of statutory enactment alimony has come to possess a broader signification than it once had. In Illinois, the 6th section of whose divorce law is substantially like section 2179, *supra,* it was held that as the statute authorized the court to " make such an order for the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as from the circumstances of the parties, and the nature of the case, shall be fit, reasonable and just;" that by virtue of the statutory power thus bestowed, a gross sum amounting to one-fourth of the husband's estate having been allowed and allotted to the wife, as her sole and separate property, as her alimony, and in lieu of other payments, such allowance was in full discharge and satis-

faction of all claims for future support of the wife. *Plaster v. Plaster*, 47 Ill. 290.

In Iowa, however, where no statute was relied on as to the power of the court touching alimony, it was held that in a divorce suit, where the husband desired that the wife be allowed a definite part of his property, in preference to a periodical claim on him, while she could not have a portion of his realty allotted to her in fee, yet that such portion might be decreed to her during her natural life, as well as one-half of the household and kitchen furniture absolutely, and a decree was entered accordingly. *Russell v. Russell*, 4 G. Greene (Iowa) 26  And this ruling was made upon the ground that alimony was " only a support of the wife for life." But it will be observed that the desire of the husband and his consent that a definite portion of his property be assigned to the wife, instead of having alimony decreed as a periodical claim, was so far respected as to grant a life estate in a part of his land, and one-half of certain personal property absolutely.

In the present instance it will have been observed that the personal property claimed by the plaintiff was decreed to her in consequence of the express agreement of the parties. Agreements of this nature, if fair and equitable, will be upheld by the courts. 2 Bishop Mar. and Div., § 235. Thus, in New Jersey, whose statute is nearly identical with that of Illinois, *supra*, a husband, being possessed of a roving fancy, abandoned his wife and assumed questionable relations with another woman. He then proposed by letter to the wife, a separation, proffering to give certain property in Newark, where she lived, and $2,000 in money. She finally accepted the offer, but he refused to comply with it, and she brought her bill seeking a divorce on account of the facts already narrated, and asking that the property before mentioned be decreed to her as a provision for her future support, and in lieu of all future claims. A decree was entered accordingly for the conveyance to the wife of the Newark property, and the payment of the $2,000

in full discharge of all future demands for alimony and maintenance. *Calame v. Calame*, 9 C. E. Green 440.

The decree of the vice-chancellor in that case was based on the provisions of the statute of that state, (§ 9, p. 224, Nixon's Dig.,) which does not differ materially from our own statute above quoted. The vice-chancellor held that the terms of the statute were sufficiently comprehensive to embrace such powers as those assumed by the decree; that it was noteworthy that not only is the term alimony used but the word maintenance is added, a word regarded as of less technical and broader significance than the term alimony; that the section was comprehensive of the ends and methods whereby the decree of the court could be effectuated to meet the equities presented; that, in addition to the methods specifically pointed out, the court was authorized to enforce its orders and decrees for alimony and maintenance, "by such other lawful ways and means as are usual and according to the practice of the court;" that the statute was highly remedial, ought to be liberally and beneficially construed, and that under it, by the usual course and practice of the court, real estate may be ordered to be sold, or the defendant be decreed to convey. On appeal taken, the decree was affirmed, but upon grounds somewhat variant from those relied on in the lower court. The affirmance by the court of errors and appeals, was based entirely upon the agreement made between the parties; that equity favored and enforced agreements for the support of the wife; that as the same court possessed the power to pass upon the propriety of the separation, and on the validity of the agreement for maintenance, and could regulate both in the same decree, that, therefore, no such obstacle as existed in England, where the question of alimony, and that of separation were passed upon by different tribunals, impeded the course of equity in that state; and upon this ground it was ruled that it was within the competency of equity to enforce, as a part of the decree of divorce, the agreement made, in lieu of alimony, between

the husband and the wife. *Calame v. Calame,* 10 C. E. Green 548.

We are unable to discover any points of substantial dissimilarity between that case and the one at bar. There the agreement was in writing; here in open court, both parties being present in person and by counsel. The Audrain circuit court was a court of general jurisdiction possessing full equity power to approve and enforce agreements between husband and wife, and possessing by the statute an ample jurisdiction both to divorce the parties and decree alimony in the usual way, or in gross. This being the case, we think the same ruling is applicable in this case as the one cited.

## II.

Moreover, this is an attempt on the part of the defendant to attack collaterally the decree of the Audrain circuit court. That court had jurisdiction as well from the statute as from those powers belonging to it as a court of equity. The defendant submitted himself to that jurisdiction, and consented to the decree as rendered, whereby he surrendered, in lieu of ordinary alimony, certain articles of personal property and permitted the decree to go in favor of his wife for them, and now, after the time has passed for taking an appeal, or suing out a writ of error, he attempts to overthrow and hold for naught the decree thus rendered. We will not permit him to do this. Every consideration of equity and good conscience forbids our sanctioning such a course. Having been relieved of the annual burden of alimony by agreeing to surrender certain articles of personal property, having gained an advantage thereby —an advantage which will remain his if the decree as to alimony be overthrown—it does not lie in his mouth to deny the validity of that decree in the particulars mentioned.

But independent of any consideration of estoppel, we hold that the decree was effectual to pass the title to the

personal property. It has been urged that even if this decree had that effect, the resort should have been had to Audrain circuit court, and possession of the property obtained by a writ from that court. It is unnecessary to rule this point. If the title passed to the wife, as we hold it did, then there is no impediment in the way of her maintaining this action; and the judgment is affirmed. All concur.