James M. Moser, Appellee, v. Golda K. Moser, Appellant.—148 S. W. (2d) 71.

Kansas City Court of Appeals.   January 27, 1941.

*Tom Gershon* and *Marcy K. Brown, Jr.* for appellee.

*McVey & Clagett* for appellant.

CAVE, J.—This is an appeal from an order of the Circuit Court of Jackson County modifying a divorce decree as to the allowance made to the wife, which the decree denominates "alimony in gross," together with a requirement made of the husband that he continue to pay the premiums on a certain life insurance policy and not change the beneficiary therein.

On September 26, 1935, the husband filed his petition for divorce and thereafter the wife filed answer and cross-bill praying for divorce and alimony. In March, 1937, plaintiff dismissed his petition, and the cause was tried on the wife's cross-bill. She was granted a divorce and the court entered a judgment in her favor for the sum of "$10,390 alimony in gross," to be paid $100 per month from March 10, 1937, until July 10, 1937, and thereafter at the rate of $150 per month until the full amount of $10,390 was paid. The decree further provided that if the wife should remarry or die after $5000 had been paid, and before the full amount had been paid, then all future payments should cease. The decree also required the husband to continue paying the premiums on a certain life insurance policy on his life in which his wife was named beneficiary and that he not change the beneficiary therein named.

At the Sepember, 1938, Term of the circuit court, the husband filed

in said cause a motion asking that the divorce decree be modified as to the amount of alimony allowed the wife, that the monthly payments be reduced, and that he be relieved of the obligation of continuing in force the insurance policy.

After a hearing, the court did, on March 10, 1939, sustain the motion in part, and ordered the monthly payments reduced from $150 to $75, but affirmed all the other provisions and requirements of the original decree. The wife appealed from that order of modification and urges but one ground of error—namely "The original decree of the trial court, being an approval of and pursuant to an agreement between the parties, was a final decree not subject to modification."

The appellant relies on the decision of our Supreme Court in the case of North v. North, 339 Mo. 1226 (100 S. W. (2d) 582). That decision holds that if the allowance made in the divorce decree is alimony as contemplated by the statute (1355, Revised Statutes of Missouri, 1929), then it is subject to modification. However, if it is not alimony, but is the affirmance of a legal contractual obligation entered into between the parties, then it is not subject to modification by the court. The attorneys now representing these parties in this court did not represent them in the lower court. We must consider the record as it was made in the trial court.

At the hearing of the original case on the wife's cross-bill, there was very little evidence introduced. The sole ground alleged for divorce in her cross-bill was desertion for more than one year, and the evidence pertained to that sole issue. There was no evidence concerning any contract between the parties settling the property rights of the husband and wife. She did testify that she requested alimony in her petition and that the amount of alimony had been agreed upon in the total sum of $10,390, which was to be paid at the rate of so much per month and that the husband was to continue in force a life insurance policy in the sum of $10,000 with her as the beneficiary. There was no stipulation concerning a property settlement or writing of any kind signed by the parties or their attorneys introduced in evidence, or filed with the court, or shown to the court. The wife did testify that there was an agreement concerning the decree to be entered, but the decree as entered was not shown her and identified or introduced in evidence or shown to the court. Under such circumstances, we do not see how it could be said that the court in entering the judgment was approving a property settlement between the parties in accordance with a definite and specific contract which they had entered into. At the hearing on the motion to modify the judgment, the husband testified that there had been various conferences with the wife and the attorneys concerning an agreement for alimony, and that his attorney was authorized to agree to the decree entered originally, but the question that had been

discussed by the parties at all times was one of alimony, which is quite a different thing from a binding contract entered into between the parties settling all their property rights.

We hold that there is not sufficient evidence in this record to establish a contract between the parties settling their property rights and therefore the trial court in entering its decree for divorce and alimony was not approving and did not approve such a contract of property settlement, but on the contrary, the judgment was an award of alimony. This case does not fall within the rule announced in the case of North v. North, *supra*.

The appellee, the husband, discussed other points in his brief which are not properly raised on this appeal because he did not appeal from the order of the court modifying the original judgment, and we do not pass on such questions.

It follows that the orders of the trial court modifying the original judgment should be affirmed and it is so ordered. All concur.