**Berniece Mary GUNNERSON, Plaintiff-Appellant,**

v.

**Rollins A. GUNNERSON, Defendant-Respondent.**

No. 23982.

Kansas City Court of Appeals.
Missouri.

June 1, 1964.

Hammond C. Woods, Kansas City, for appellant.

Ryan & Maitland, John P. Ryan, Carl A. Gangel, Kansas City, for respondent.

CROSS, Judge.

In this action plaintiff sues her former husband to recover the sum of $4,954.28. Her demand is based on allegations charging defendant with breach of a property settlement agreement entered into by the parties prior to their divorce in 1957, in that he has failed to pay her support monies in accordance with that agreement. Trial was to the court without a jury and resulted in a judgment that plaintiff take nothing. Plaintiff has appealed.

Plaintiff and defendant were married in 1935 and lived together as husband and wife until certain disputes and differences led to their separation in the month of August, 1957. On October 22, 1957 plaintiff filed a suit for divorce against defendant. During pendency of that action and on November 16, 1957, the parties executed an instrument entitled "Property Settlement Agreement", which reads as follows (omitting title, signatures and acknowledgments):

"This Agreement, made and entered into this 16th day of November, 1957, by and between Berniece Mary Gunnerson, First Party, and Rollins A. Gunnerson, Second Party, both of Jackson County, Missouri.

"WITNESSETH, THAT:

"WHEREAS, the parties hereto are husband and wife, having been married on August 3, 1935, at Richmond, Missouri, and having lived together as husband and wife thereafter until sometime in August 1957, when a separation occurred because of certain irreconcilable disputes and differences, and

"WHEREAS, three children were born of said marriage between the first party and second party, namely: Rollins Joseph Gunnerson, age 21; Charles Richard Gunnerson, age 18; Eric Alan Gunnerson, age 9, and

"WHEREAS, first party has filed a suit for divorce against the second party, the same being Cause No. 602494, in the Circuit Court of Jackson County, Missouri, and that the same is now pending, and

"WHEREAS, the parties hereto without making any admissions as to the right of either party to secure a divorce and for the sole purpose of settling property rights between the parties hereto enter into this agreement and property settlement and stipulate and agree as follows:

"1. That the second party shall have as his sole and separate property the 1950 Cadillac, and the first party relinquishes all of her interests therein.

"2. That first party shall have custody of the son Eric Alan Gunnerson, and second party shall have the right of reasonable visitation with said son Eric Alan.

"3. That first party shall have as her sole and separate property, all of the household furnishings now located in the home, and second party relinquishes all his interest therein.

"4. The second party shall pay the first party one-half of his yearly net income, as shown on his United States Income Tax Return as custody allowance and support and maintenance money; payable on a prorata basis on the 1st day and 15th day of each successive calendar month; final settlement of these payments to be made at the end

of each calendar year on the basis of said United States Income Tax Return.

"5. That said custody allowance and support and maintenance money covered in paragraph 4, the preceding paragraph, shall in no case be less than $200.-00 per calendar month.

"6. That said payment to first party for her support and maintenance shall cease at any time said first party remarries.

"7. That said first party hereby releases, relinquishes, and surrenders any and all dower or right of dower and any and all right, title, interest and estate of any kind, character, or nature whatsoever, whether vested or contingent, which as wife of second party or because or by reason of or arising from or out of her marriage relation with second party, she has or at any time hereafter might have in or to or against or pertaining or relating to or concerning any real property or real property rights, which said second party now owns or shall own at any time hereafter or which is or at any time hereafter may or shall be or become vested in him

"8. All the provisions hereof are contractual and not merely recital, and this agreement shall be binding upon each of the parties, their heirs, legal representatives and assigns."

Plaintiff's suit for divorce was heard December 24, 1957, on her petition which contained a prayer for allowance of alimony and child support. Defendant was in default and made no appearance. At the hearing the "property settlement agreement" was not introduced in evidence, marked as an exhibit, or brought to the attention of the court in any manner. "The property settlement wasn't mentioned at all". Upon interrogation by her counsel, plaintiff told the court that her husband had agreed to pay her at least two hundred dollars a month for alimony and child support.

Further testifying, she said she would like for the court to enter a decree, "one hundred fifty dollars alimony and fifty dollars child (support)". At the conclusion of the hearing, the court granted plaintiff a decree of divorce incorporating orders that "defendant pay to plaintiff as support and maintenance of said minor child, the sum of $50.00 per month, * * * until further order of this court and that in default of any one payment execution issue thereof", and "that defendant pay to plaintiff as alimony the sum of $150.00 per month * * * until further order of this court and that in default of any one payment execution issue therefor".

It appears from the record that from and after date of the divorce decree defendant has paid to plaintiff monthly alimony in the sum of $150.00 and child support in the amount of $50.00 per month, in accordance with the terms of the decree. The record further discloses that on September 6, 1961, plaintiff sued out execution and we are informed by defendant's brief and by his counsel in oral argument that plaintiff instituted proceedings for garnishment of defendant's wages. These statements stand without denial.

Plaintiff filed this suit on September 28, 1961. Her petition contained allegations to the effect that under the terms of the property settlement agreement defendant was obligated to pay her one-half of his net income for her maintenance and support of her child; that one-half of his income for the years 1957 through 1960 amounted to $12,814.59; and, that although defendant has paid her the sum of $200.00 per month adjudged her by the court as alimony and child support, there is still due her from defendant, for the stated years, the sum of $3,214.59, for which she prayed judgment. At the trial of this cause on June 25, 1963, plaintiff introduced the property settlement in evidence and enlarged her proof of defendant's earnings to include evidence of his income for the years 1957 through 1962 which tended to show that her total

entitlement, under her theory of the case, would be the sum of $4,954.28. Defendant offered no evidence. The court found in favor of defendant with the following comment, "Well, the court finds for the defendant for the reason that the property settlement was not mentioned or referred to in any way at the time of the divorce. The plaintiff asked that the sum of $150.00 a month be allowed for her and that $50.00 a month be allowed for the children (child) * * *." "* * * and that execution issue therefor if not paid". Judgment was rendered accordingly.

In a single appeal assignment plaintiff contends that the subject agreement was a valid contract which settled and adjusted all property rights growing out of the marriage, including her claim for alimony, support and maintenance. She insists that the judgment of the court awarding her the same allowance as the contract provided for was not a decree for statutory alimony, but instead amounts to no more than a judicial approval of the *obligation imposed on defendant husband by the parties' agreement.* Therefore, she contends, she is entitled to enforce the contract and, in accordance therewith, recover from defendant the total sum of one-half his net yearly earnings for the stated years, with credit given for the monthly payments she has received from him pursuant to the court's decree.

It is defendant's position that the provisions of the property settlement agreement relating to support and maintenance were waived and abandoned by plaintiff, and superseded by the divorce decree which awarded her alimony and money for child support pursuant to statutory provision. Defendant says that the contract undertakings in question were merged into, abrogated and superseded by the court's decree, and are not enforceable against him.

Thus the parties join issue upon the basic and essentially determinative question—whether the allowance of $150.00 per month adjudged to plaintiff in the divorce suit was in fact a decree of statutory alimony, or whether it amounted only to an approval of the separation agreement.

Under the law of this state two courses of action are available to a wife to secure support and maintenance from her husband in the event of a separation and divorce. Section 452.070 V.A.M.S. provides that when a divorce shall be adjudged, the court shall make such order touching the alimony and maintenanace of the wife, as, from the circumstances of the parties and the nature of the case, shall be reasonable. This same statute further authorizes "modification" of such order by providing that "[t]he court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper".

Alternately, as sanctioned by settled law, a wife and her husband, in contemplation of a separation and divorce, "may, by valid contract between themselves, settle and adjust all property rights growing out of the marital relation, including the wife's right of dower and claim for alimony, support, and maintenance". Such contracts of separation are not unlawful in and of themselves, and are subject to be enforced the same as other contracts so long as they are fair, free from fraud, collusion or compulsion. North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061. "Furthermore it is distinctly held that where a contract is lawfully entered into settling all the property rights of the respective parties, including the amount of the wife's support and maintenance, the court in which the action for divorce is pending will not only have authority to approve the contract, but indeed will have no right to disregard it". Alverson v. Alverson, Mo.App., 249 S.W.2d 472 (citing North v. North, supra; Edmondson v. Edmondson, Mo.App., 242 S.W. 2d 730). And, although the court is authorized by statute to modify an award of alimony, it has no such authority to modify the legal contractual obligation which the

husband assumes and agrees to pay his wife. North v. North, supra.

■ While the purpose both of statutory alimony and a voluntary agreement of the parties in lieu of such provision is, in each instance, to provide support for the wife, they are separate and distinct rights and are enforceable by distinctly different means. And, when a wife who has contracted with her husband for support submits her divorce action to the court, she must decide whether she will stand on her contract or take the court's decree of alimony. She cannot have, and the court cannot give her both. They are not concurrent remedies—otherwise each could nullify the other.

That a wife will be held to her chosen course of action and elected remedy is aptly illustrated in Edmondson v. Edmondson, Mo.App., 242 S.W.2d 730. There the plaintiff wife entered into a property settlement with her husband obligating him to pay her $200.00 per month for her support and maintenance "so long as party of the first part, Betty Edmondson, may live". In awarding the wife a decree of divorce the court included therein an order upon the defendant husband phrased in the identical language of the contract, to pay her the sum of $200.00 for her support and maintenance "for the rest of her natural life". The decree further recited: "In entering this decree the court expressly adopts, ratifies and confirms a certain property settlement which has been entered into and signed by the plaintiff and defendant". Defendant defaulted in payment of the monthly sums agreed upon and filed a petition in bankruptcy. Listed in his schedule of liabilities was the contract obligation to his wife, who was notified as a creditor. Subsequently, he was discharged and plaintiff's claim on the contract liability was extinguished. Meanwhile, plaintiff wife had taken the position that the court decree was a judgment for alimony—not merely an affirmance of the parties' contract—and undertook to satisfy it as such by securing

issuance of executions thereon and effecting garnishment of defendant's wages. Upon defendant's motion the trial court quashed the executions. Affirming the trial court's action, this court observed that except for the property settlement of the parties, which had been approved and adopted by the trial court, the effect of which was to make provision *in lieu of alimony*, plaintiff would have been entitled to a *judgment* of alimony, subject to modification. However, we held that, since there was a valid and conclusive agreement covering the subject, the trial court had no authority, without consent of the parties, to enter a judgment for statutory alimony. We further noted that the trial court had no authority to render an alimony judgment that might extend beyond the life of the husband. It was our conclusion that the liability of the husband for the installment payments for plaintiff's support arose *solely* by reason of the property agreement, and that the language of the decree purporting to order such payments had no force and effect as a decree for statutory alimony. Therefore, we ruled, the executions in question were improvidently issued, were without force and effect and were properly quashed.

■ While there is no precise formula for determining whether a judgment in a divorce action amounts only to an affirmance of the parties' contract or is in fact a decree for statutory alimony, courts in deciding the question have taken into account and have enumerated several factors of significance.

In North v. North, supra, the court was influenced by two determinates in holding that the decree under consideration was merely an approval of a contract and not an award of statutory alimony: (1) that the written agreement served to settle "all" their property rights; (2) that the allowance to the wife was one which the court had no authority to give her as statutory alimony.

In deciding Alverson v. Alverson, supra, where the judgment was held to be for

statutory alimony and not to be an affirmance of the parties' contract, the court listed these considerations (among others), as affecting their conclusion: that the issue of alimony had been raised by the pleadings; that the allowance to the wife was one which the court was legally authorized to give her as statutory alimony, in the absence of any agreement; the fact that the instrument in question was designated, not a "contract", but a "stipulation", which is a term used to describe an agreement respecting a matter before a court; that there was no settlement of "all" the property rights of the parties, since the agreement went no further than to release certain special obligations; the employment by the court of the language "as and for alimony"; and, the fact that the decree provided for execution in event of default, in respect of which the court said: "Furthermore the court was not content with merely ordering that payments be made 'as and for alimony', but what is more conclusive of its intention to enter a decree for statutory alimony is the fact that it then went on to provide, without objection from the parties, that in default of the payment of any of the installments, 'execution issue therefor' ".

In Wesson v. Wesson, Mo.App., 271 S.W.2d 214, the court in deciding the instant question stated that no single factor was controlling, but that the property settlement as a whole, the circumstances under which it was made, the nature and value of the property to be divided, and the language of the decree were to be considered. The court laid stress upon the fact that the "plaintiff sought and the court issued an execution upon the judgment to enforce payment of the obligation".

And, in Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675, the court ruled that a property settlement contract does not become "a part of the judgment of the court until the court examines the entire contract and ratifies or approves it". To the same effect is the holding of this court in Moser v. Moser, 235 Mo.App. 784, 148 S.W.2d 71, where a divorced husband's motion to modify a decree of alimony was resisted by his former wife on the ground that the judgment was only an affirmance of a contract. In view of the fact that no stipulation or writing concerning a property settlement had been introduced in evidence at the divorce trial, or filed with the court, or shown to the court, in our opinion we said, "Under such circumstances, we do not see how it could be said that the court in entering the judgment was approving a property settlement between the parties in accordance with a definite and specific contract which they had entered into".

■ Having considered the facts of this case in the light of the foregoing rules of Missouri courts it can not be our decision that the judgment in question was intended to be, or is, merely an approval or adoption of the written instrument plaintiff now exhibits in *this* cause. It is fundamental that the judgment of a court is the highest authority and represents the final decision on all matters in a particular controversy. The judgment in this case by its very terms is clearly and unmistakably a decree awarding plaintiff statutory alimony, and it must be upheld as such unless it convincingly appears that plaintiff (who alone was the moving party before the court) did not seek and the court did not intend to render a judgment for alimony.

Every act of plaintiff in her suit for divorce indicates that it was her desire and intention to obtain a judgment for alimony and not to secure judicial approval of a contract. She prayed for alimony in her petition. At the trial she specifically asked the court for an alimony allowance in an amount that appeared to the court as reasonable in the light of the evidence. A judgment for alimony was entered in accordance with her formal prayer, her proof and her spoken request, granting to her the further right of its enforcement by execution. For four years she has accepted the allowance adjudged to her by the court. She has further recognized the judgment

and utilized its provisions by exercising the right of execution contained within it. "When plaintiff applied for the issuance of an execution she was taking the position that she had a judgment for the amount of the allowance. That position is wholly inconsistent with the position she must necessarily take on this appeal, namely, that the judgment constituted nothing more than a judicial approval of a contractual obligation". Wesson v. Wesson, supra, 271 S.W. 2d l. c. 217.

The fact that plaintiff told the court her husband had "agreed" to pay her at least two hundred dollars a month for *alimony* and child support does not aid her appeal contention. That statement in and of itself is further proof that she desired the court to grant her *alimony*—not to approve a written document—otherwise she would have divulged it to the court. In this connection, we note that the reason assigned by the trial court for its action in this case is alone sufficient reason for this court to affirm the judgment. We refer to the following statement made by the trial judge: "Well, the court finds for the defendant for the reason that the property settlement was not mentioned or referred to in any way at the time of the divorce. The plaintiff asked that the sum of $150.00 a month be allowed for her and that $50.00 a month be allowed for the children (child) ". Under authority of Moser v. Moser, supra, and Aronberg v. Aronberg, supra, it must be held that a court of law has not approved or incorporated in its judgment a written instrument it has never seen or known to exist.

Plaintiff here has sought and the court has rendered a money judgment in her favor against the person of defendant. Thereby any right plaintiff may have had under her agreement with defendant to pay support money became extinguished and merged into the judgment. "Where the plaintiff has obtained a valid and final personal judgment against the defendant for the payment of money, the original claim is extinguished and is merged in the judgment. If the plaintiff thereafter brings an action on the original cause of action, the defendant can set up the judgment as a defense". Restatement of the Law, Judgments, Chapter 3, Section 47, page 182.

The judgment is affirmed.

All concur.