Nellie C. VORHOF,
Plaintiff-Appellant-Respondent,

v.

Elmer E. VORHOF,
Defendant-Respondent-Appellant.

Nos. 35894–35897, 35908 and 36236.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 16, 1975.

Hal B. Coleman, Clayton, for appellant.

Murphy & McCarthy Associates P. C., Edward E. Murphy, Jr., Clayton, for respondent.

SMITH, Chief Judge.

This matter reaches us on a series of cross-appeals arising from post-judgment actions in a divorce case. While plaintiff wife has filed five appeals from orders quashing her attempts to obtain execution against defendant husband, the issue on appeal is the same—whether the court ordered or the parties contracted for alimony. Defendant's cross-appeal is from the action of the trial court in ordering an income assignment against defendant and in favor of plaintiff "to satisfy defendant's obligation to pay maintenance to plaintiff . . . ."

The parties were divorced, after 32 years of marriage, in March 1958. The decree contained the following: "Plaintiff awarded alimony in the amount of $850.00 per month, commencing on the 15th day of March, 1958, and payable monthly thereafter. Stipulation and agreement dated January 28, 1958, and entered into by the parties, settling all of the property rights of the parties and providing for the future alimony of plaintiff, having been submitted to the Court when the cause was tried, the same is hereby approved by the Court. A copy of said Stipulation is identified, approved and ordered filed."

The Stipulation referred to encompasses 10 pages of the transcript and contains seventeen separately numbered paragraphs. It contractually provides for disposition of the real estate of the parties and encumbrances thereon, repairs to that property,

taxes on the real estate, agreement for payment of support "as provision in the nature of alimony" for wife, continuing support payments (reduced somewhat) after defendant's death and until closing of his estate, a lump sum award to plaintiff from defendant's estate, disposition of the personal property, payment of court costs and attorney's fees and provision for payment of any tax deficiencies.

In August 1973, husband filed a motion to modify the divorce decree to reduce the amount of support for wife. Wife filed a motion to dismiss that motion based in part upon the contention that the Stipulation constituted a contract and was not subject to modification. The motion to dismiss was granted upon the sole basis "that alimony provided in decree of March 6, 1958, is contractual in nature."

Four days after this order of the Court, husband moved to quash all executions and all garnishments on the basis that husband's obligations were contractual in nature and that until reduced to judgment were not subject to execution. This motion was granted and wife appealed.

■■■ Since the notice of appeal was filed prior to Jan. 1, 1974, the effective date of the Dissolution of Marriage Act, the law in effect at that time governs the appeal. Sec. 452.415(4) RSMo Supp. 1973. The language used there "the law in effect at the time of the order sustaining the appeal" was taken almost exactly from the Uniform Marriage and Divorce Act. There is no requirement in Missouri for a court to issue an order allowing an appeal. Appeal is generally a matter of right in Missouri. See Sec. 512.020 RSMo 1969. The appeal here was pending prior to January 1, 1974, and is governed by the law in effect prior to the new act.

The courts of this State have been perpetually troubled with the distinction between contractual support and decretal alimony. No useful purpose would be served in reviewing the variety of factual situations and tests applied in making such a determination.

■■■ Under the cases in Missouri, we have no hesitation in saying that the award to the wife was contractual in nature, not decretal. See *North v. North*, 339 Mo. 1226, 100 S.W.2d 582 (1936); *Nelson v. Nelson*, 516 S.W.2d 574 (Mo.App.1974). The stipulation here purported to cover all facets of the parties property rights. It included areas which could not have been decreed as part of the judgment by the court awarding the divorce. While wife characterizes the judgment as a consent decree, the power of a court in a divorce action was limited by the provisions of Sec. 452.070 RSMo 1969. That section specifically provided that the court "may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, . . . ." Delineating the judgment as a consent judgment does not alter the limits of the court's power. Under Sec. 452.070 decretal alimony is subject to modification, whether decreed by consent or otherwise. Wife is estopped to now assert that the alimony was decretal. In successfully defeating husband's attempts to modify the award, plaintiff contended and the Court held that the award was contractual in nature and not subject to modification. Decretal alimony is subject to modification without the consent of both parties; contractual support is not. Plaintiff is now precluded from asserting the award was decretal. See *Wesson v. Wesson*, 271 S.W.2d 214 (Mo.App. 1954); *Gunnerson v. Gunnerson*, 379 S.W.2d 861 (Mo.App.1964). The trial court's action in quashing the executions and garnishments was correct and is affirmed.

■■ In January, 1974, plaintiff filed a motion in the original divorce action for an order requiring an assignment of earnings and income as provided by Sec. 452.350 RSMo Supp. 1973. This motion was sustained and defendant has appealed.

In ruling this question, we examine the court's order on the basis that it orders under the new law an assignment of wages

to enforce a contract for support of the wife entered into long before the effective date of the new law. Our ruling deals only with that fact situation. Plaintiff contends that a wage assignment is remedial in nature and therefore may be applied retroactively. A wage assignment is like a garnishment, it is a method to execute upon a judgment. See Commissioner's Note to § 312 of the Uniform Marriage and Divorce Act which is the source of Sec. 452.350 RSMo Supp. 1973. Without in any way deciding whether it is available for contractual or decretal support under the new law or for enforcement of decretal alimony under the old law, it is not available for enforcement of a contract entered into before its effective date.

Under the law in force at the time of the contract between the parties, an execution for breach of contract was not available until the contract breach had been reduced to judgment. To allow execution upon a mere contractual obligation is not simply a change of remedy, or procedure, but is the elimination of defendant's substantive right to defend the breach of contract action. Sec. 452.415 RSMo Supp. 1973 specifies the circumstances under which Sec. 452.350 applies. We find no circumstance listed which applies to this case. In view of that and the express provisions of Art. 1, Sec. 13, Mo.Const. against retrospective legislation, we conclude that the court's order granting the assignment of wages was erroneous.

Judgment in causes 35894, 35895, 35896, 35897, and 35908 affirmed; judgment in cause 36236 reversed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.