**Wanda Nolen HAMPTON,
Plaintiff-Respondent,**

v.

**Scott Artis HAMPTON,
Defendant-Appellant.**

No. 10049.

Missouri Court of Appeals,
Springfield District.

April 20, 1976.

Motion for Rehearing or to Transfer to
Supreme Court Denied May 6, 1976.

William Clayton Vandivort, Hux & Green, Sikeston, for plaintiff-respondent.

James R. Robison, Robison & Blanton, Sikeston, for defendant-appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

The Circuit Court of Scott County overruled appellant's motion to quash execution of the child support provisions of a 1972 divorce decree obtained by respondent. The decree awarded respondent real estate owned by the parties as tenants by the entirety as lump sum child support. We reverse and remand.

The decree granted respondent a divorce and vested custody of the parties' five children in her. In addition, the decree states: "Plaintiff is awarded a lump sum settlement, it being the Defendant's one-half interest in [two described tracts of real property], the same having a value of $2500.00 in lieu of all other child support, and [the Court] further directs the Defendant to sign all documents to convey said property to the Plaintiff."

Six months after the decree was entered respondent filed a partition suit alleging she and appellant each owned an undivided one-half interest in the real estate as tenants in common. A partition sale of the realty was held in 1974, and respondent was the purchaser. She paid the purchase price into court and had execution issued for $2500.00 against the appellant's interest in the money. Appellant's motion to quash the execution alleged the portion of the decree, supra, was void because the court was without jurisdiction to award real estate as child support.

Respondent contends the decree did not award specific real property but awarded her $2500.00 as a lump sum settlement for child support, and secondly, appellant consented to the decree and his consent vested the court with jurisdiction. Neither position is sound.

■ The general rules of construction of written instruments apply to the construction of judgments. *Keiser v. Wiedmer*, 283 S.W.2d 914 (Mo.App.1955). Although there is a preference for construing judgments in a way that will make them effective, "if the language employed is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." 49 C.J.S. *Judgments* § 436 (1947).

The language of the decree is plain and without ambiguity. It purports to award appellant's interest in the real estate to the respondent as a lump sum settlement for child support and orders the appellant to convey the property to the respondent.

■ At the time the decree herein was rendered the divorce court was without jurisdiction to make an award of specific property as alimony or child support. § 452.070, RSMo 1969; *Watts v. Watts*, 304 Mo. 361, 263 S.W. 421 (1924); *Ray v. Ray*, 336 S.W.2d 731 (Mo.App.1960); *Singleton v. Singleton*, 239 S.W.2d 773 (Mo.App.1951); *Bishop v. Bishop*, 151 S.W.2d 553 (Mo.App. 1941). Also see *Hagemann v. Pinska*, 225 Mo.App. 521, 37 S.W.2d 463 (1931). The divorce court did not have the jurisdiction,

or power, to award the real property to respondent, and that portion of the decree is void as a matter of law. Judgments that are void because of lack of jurisdiction are subject to collateral attack as well as appeal. *Hughes v. Neely*, 332 S.W.2d 1 (Mo. 1960); *Nelson v. Nelson*, 516 S.W.2d 574 (Mo.App.1974).

■■■ Respondent argues that the decree merely incorporated the terms of a property settlement agreement and appellant "consented" to the exercise of jurisdiction by the divorce court. The decree makes no mention of a property settlement being incorporated therein and extrinsic evidence is not admissible to modify, explain or contradict a judgment. *Marley v. Marley*, 356 Mo. 870, 204 S.W.2d 261 (1947). We do not have here a situation where the contractual provisions of a settlement agreement are to be enforced as an order of the court [*Crews v. Mooney*, 74 Mo. 26 (1881), *Jenks v. Jenks*, 385 S.W.2d 370 (Mo.App.1964), *McDougal v. McDougal*, 279 S.W.2d 731 (Mo.App.1955); *Landau v. Landau*, 71 S.W.2d 49 (Mo.App. 1934)]. Furthermore, later cases hold that where the decree incorporates a property settlement agreement the latter is to be enforced and modified as contractual not decretal. *Vorhof v. Vorhof*, 532 S.W.2d 830 (Mo.App.1975); *Holmes v. Holmes*, 527 S.W.2d 684 (Mo.App.1975); *Nelson v. Nelson*, 516 S.W.2d 574 (Mo.App.1974).

In *Vorhof*, supra, the St. Louis District of this Court said at p. 832: "Under the cases in Missouri, we have no hesitation in saying that the award [of alimony] to the wife was contractual in nature, not decretal. . . . The stipulation here purported to cover all facets of the parties property rights. *It included areas which could not have been decreed as part of the judgment by the court awarding the divorce. While wife characterizes the judgment as a consent decree, the power of the court in a divorce action was limited by the provisions of Sec. 452.070 RSMo 1969. . . . Delineating the judgment as a consent judgment does not alter the limits of the court's power. . . ."* [1] [emphasis added]

■■■ Pursuing her "consent" theory, respondent claims appellant is now estopped to assert the invalidity of the portion of the decree awarding her appellant's interest in the realty.[2]

Estoppel cannot be invoked to preclude a person from attacking the adjudication of a court that was beyond the jurisdiction of the court to make [31 C.J.S. *Estoppel* § 120 (1964); although where a judgment beyond the court's jurisdiction is entered by mutual consent it may have validity as a contract even though it is a void judgment. 49 C.J.S. *Judgments* § 452 (1947).

We rule that portion of the 1972 decree awarding specific property of appellant to respondent for child support is void and so hold. The judgment being void, the execution thereon should have been quashed. It is so ordered.

All concur.

---

1. See also, *North v. North*, 339 Mo. 1226, 100 S.W.2d 582 (1936); *G_R_E_ v. M_M_E_*, 531 S.W.2d 772 (Mo.App.1975) [Separation agreement to transfer realty treated as a contract]; *Goulding v. Goulding*, 497 S.W.2d 842 (Mo. App.1973); and cases cited in *Nelson v. Nelson*, 516 S.W.2d 574 (Mo.App.1974).

2. In referring to "appellant's interest in the realty" we have not overlooked the fact that until the divorce decree became final the estate by the entirety was not converted into a tenancy in common.