In re MARRIAGE OF Betty J. and L. Ralph HAGGARD.

Betty J. HAGGARD, Respondent,

v.

L. Ralph HAGGARD, Appellant.

No. 60957.

Supreme Court of Missouri, En Banc.

Sept. 11, 1979.

William Harrison Norton, John H. Norton, North Kansas City, for appellant.

Bruce K. Kirby, P. Wayne Kuhlman, Liberty, for respondent.

DONNELLY, Judge.

The marriage of respondent Betty J. Haggard and appellant L. Ralph Haggard was dissolved in a decree entered September 18, 1975, in the Circuit Court of Clay County, Missouri. The decree incorporated a separation agreement that had been negotiated and entered into by the parties. Subparagraph (e)(5) of the decree provided that appellant would pay maintenance to respondent of $275.00 per month. There is no provision in the separation agreement that the terms of the agreement were not to be set forth in the decree of dissolution.

Appellant fell behind in maintenance payments in a total amount of $7,615.28. Respondent sought and was granted, in the Circuit Court of Clay County, execution on the divorce decree under § 452.325.5, RSMo 1978. An automobile owned by appellant was seized under a writ of garnishment issued to enforce the execution. Appellant deposited $7,615.28 with the Clerk of the Circuit Court to be held in lieu of sale of the automobile.

■ Appellant filed a motion to quash the execution and garnishment on July 12, 1978. The motion was overruled by the Circuit Court on August 23, 1978. A notice of appeal was then filed in this Court. The order overruling the motion to quash is an appealable order. § 512.020, RSMo 1978; *Nelson v. Nelson,* 516 S.W.2d 574, 577 (Mo. App.1974).

Appellant contends that the maintenance agreement is a private contract and that § 452.325.5, RSMo 1978, by permitting execution and enforcement of the agreement without the breach of the agreement being reduced to judgment, violates Art. I, §§ 10, 11, and 13 of the Missouri Constitution.

Respondent contends that the maintenance agreement became part of the dissolution decree under § 452.325.5 since the agreement did not provide to the contrary, and that § 452.325.5 does not violate the Constitution by permitting execution under the decree.

Section 452.325, RSMo 1978, reads as follows:

"1. To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children.

"2. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

"3. If the court finds the separation agreement unconscionable, the court may request the parties to submit a revised separation agreement or the court may make orders for the disposition of property, support, and maintenance in accordance with the provisions of sections 452.-330, 452.335 and 452.340.

"4. If the court finds that the separation agreement is not unconscionable as to support, maintenance, and property:

"(1) Unless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution or legal separation and the parties shall be ordered to perform them; or

"(2) If the separation agreement provides that its terms shall not be set forth in the decree, only those terms concerning child support, custody and visitation shall be set forth in the decree, and the decree shall state that the court has found the remaining terms not unconscionable.

"5. Terms of the agreement set forth in the decree are enforceable by all remedies available for the enforcement of a judgment, and the court may punish any party who willfully violates its decree to the same extent as is provided by law for contempt of the court in any other suit or proceeding cognizable by the court.

"6. Except for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides."

Historically, in Missouri, "alimony" awarded upon a "divorce" was either contractual or decretal. *North v. North,* 339 Mo. 1226, 100 S.W.2d 582 (1936); *Vorhof v. Vorhof,* 532 S.W.2d 830 (Mo.App.1975); *Nelson v. Nelson,* 516 S.W.2d 574 (Mo.App. 1974). A general discussion of the topic may be found in *Nelson, supra,* at 577–581.

Decretal alimony was determined by the court, although often pursuant to stipulated suggestions submitted to the court by the parties and incorporated into the decree. Decretal alimony could be subsequently modified by the court. Since decretal alimony was a part of the divorce judgment, it could be enforced by a levy of execution.

Contractual support, on the other hand, was a matter of private agreement between the parties even though the agreement could be incorporated into the court's decree. As the subject of a private contract, it was not modifiable except by mutual consent or by reason of fraud, duress, or illegality, and was enforceable only by a separate suit on the contract. "The courts of this State * * * [were] perpetually troubled with the distinction between contractual support and decretal alimony." *Vorhof,* 532 S.W.2d *supra* at 832.

The historical pattern was changed by the Dissolution of Marriage Act, Laws of 1973, p. 470, §§ 452.300 et seq., RSMo 1978, eff. January 1, 1974. "Divorce" is now "dissolution of marriage." "Alimony" is now "maintenance."

There are now three categories of maintenance. Section 452.325, at issue in this case, provides that the parties to a dissolution may enter into a written separation agreement containing provisions, *inter alia,* for maintenance of either of the parties, § 452.325.1. Unless the court finds the terms of the agreement to be unconscionable, they are binding on the court, § 452.325.2. Unless the agreement expressly states otherwise, its terms are to be incorporated into the court's decree, § 452.325.-4(1), and "are enforceable by all remedies available for the enforcement of a judgment, * * *." § 452.325.5.

Two categories of maintenance are thus provided in § 452.325. The parties can keep the maintenance completely a private contractual agreement by expressly so providing in the terms of a separation agreement. This would correspond to the former contractual support. Alternatively, the parties can permit the maintenance agreement to be included in the decree and thus be enforceable as a judgment. This would seem to correspond, at least in part, to the former decretal alimony. The correspondence would not be complete because court modification of the maintenance agreement is a matter to be separately determined by the parties, § 452.325.6, and because it is unclear whether the limitations which applied to decretal alimony should also apply to § 452.325.4(1) maintenance.

The third form of maintenance available is provided in § 452.335, RSMo 1978. This maintenance is awarded by the court in the absence of any separation agreement under § 452.325. It is not at issue in this case.

■ Respondent is correct in arguing that the maintenance agreement here at issue comes within the terms of § 452.325.-4(1) since it was not expressly excluded from the decree, and is, therefore, enforceable as a judgment under § 452.325.5. The question which remains is whether § 452.-325.5 is unconstitutional because it authorizes maintenance agreements to be enforced as judgments.

■ Appellant's first contention is that the due process clause of the Missouri Constitution, Art. I, § 10, is violated. Appellant's claim is that the maintenance agreement at issue is a private contract and that due process is violated because allowing execution on a mere contractual obligation is not simply a change of remedy or procedure but is an elimination of his substantive right to defend a breach of contract action. *Vorhof, supra,* is cited. The claim is without merit. The maintenance agreement must be viewed as an element of the dissolution judgment and decree rather than as a private contract. The means by which the judgment is enforced has not been changed by § 452.325.

*Vorhof, supra,* is not in point because the maintenance agreement at issue in that case was a private contract under the law prior to § 452.325. To have permitted, in *Vorhof,* enforcement of the private contract by execution would have eliminated the respondent's right to defend his conduct in a breach of contract action.

Appellant next asserts that Mo.Const. Art. I, § 11, is violated. Article I, § 11, provides, "That no person shall be imprisoned for debt, except for nonpayment of fines and penalties imposed by law." Appellant cites *Davis v. Broughton,* 382 S.W.2d 219 (Mo.App.1964).

This claim is without merit. In *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567 (Mo. banc 1976), *Davis v. Broughton, supra,* was among the cases overruled. Although the specific statute at issue in *Stanhope* was § 452.345 rather than § 452.325, the Court's holding that, "trial courts are henceforth empowered to punish by imprisonment for contempt the failure of a person to comply with orders for payment of maintenance and child support * * *" *id.* at 575, is equally applicable to § 542.325.

Appellant finally asserts that Mo.Const. Art. I, § 13, is violated. Article I, § 13 provides, "That no ex post facto law, nor law impairing the obligation of contracts * * * can be enacted." Appellant implies that the obligation of contracts clause has been violated in the present case. *Andrus v. Business Men's Acc. Ass'n. of America*, 283 Mo. 442, 223 S.W. 70 (1920) is cited.

*Andrus* is of no help to appellant. In *Andrus* this Court held that the State did not abridge the right to contract by enacting a statute declaring suicide to be no defense to an action on an insurance policy.

■ Article I, § 13, prohibits the State from enacting a law which impairs the rights of parties to an *existing* contract. *See State v. Miller*, 50 Mo. 129, 133 (1872); *Vorhof v. Vorhof*, 532 S.W.2d 830, 832–833 (Mo.App.1975); 1 Antieau, *Modern Constitutional Law* § 3:26–3:32; 1 Cooley's *Constitutional Limitations* (8th ed.) 582–586. In the instant case, the statute at issue was enacted and made effective *prior* to the time at which appellant and respondent entered into the maintenance agreement and prior to the dissolution of their marriage. *Vorhof, supra,* cited by appellant, is distinguishable in that the contract at issue in that case was entered into before the effective date of the statute at issue. Additionally, § 452.325 does not require that the parties to a maintenance agreement make the agreement enforceable as a judgment. It requires only that they make their intentions on this issue clear and explicit. We find no violation of Art. I, § 13.

We note appellant's contention that it "is undisputed by the parties herein that the treatment throughout this case of the wife's award of maintenance is contractual and not decretal." He has filed a supplemental transcript to demonstrate that when appellant previously moved in the trial court to modify the maintenance award, because of changed circumstances, respondent opposed the motion on the grounds that the maintenance as allowed by the court, "is a contractual agreement between petitioner and respondent, and is not modifiable by this Court * * *." Apparently, the trial court did not rule on appellant's motion to modify. In any event, we cannot rule the question on the record before us.

The order of August 23, 1978, overruling the motion to quash is affirmed.

All concur.