Matthew SHOCKLEY,
Petitioner/Appellant,

v.

DIRECTOR, DIVISION OF CHILD SUPPORT ENFORCEMENT, MISSOURI DEPARTMENT OF SOCIAL SERVICES, Respondent/Respondent.

No. 73594.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 10, 1998.

Thomas H. Ullmann, Ullmann & Ullmann, St. Charles, for appellant.

Michael S. Kisling, Department of Social Services Division of Legal Services, Jefferson City, for respondent.

CRANE, Judge.

Petitioner, Matthew Shockley, appeals from a judgment entered by the trial court affirming an administrative decision of respondent, Director of the Division of Child Support Enforcement, Missouri Department of Social Services, pursuant to Sections 454.470 and 454.475 RSMo (1994). The administrative decision directed petitioner to pay $305.00 per month in child support and provide medical insurance for his son. Petitioner argues that the decision is erroneous because Sections 454.470 and 454.475 apply to cases in which no court order determining child support has been entered. Petitioner contends that a previous court order had been entered which determined that he had no support obligation and, therefore, the division was required to file a motion to modify and show a substantial and continuing change in circumstances in order to establish a new support obligation. We reverse.

Petitioner's son ("the child") was born on November 11, 1981. By permission of his mother, the child has been in the custody of his maternal grandfather since he was two days old. The child received Aid to Families with Dependent Children (AFDC) while living with grandfather.

On July 17, 1995 the Circuit Court of Dunklin County issued a judgment in a case filed by the state at the relation of the division and child, by the division as next friend, against petitioner and the child's mother. The court found that petitioner is the natural father of the child and also found "[t]hat after consideration of all relevant factors that the amount of child support calculated pursuant to Civil Procedure No. 14 is unjust and inappropriate." The court decreed that petitioner was the child's natural father and ordered him to reimburse the state for public assistance expended on the child's behalf in the amount of $1,807.50 in monthly payments of $100.00, pay for bloodtests in the amount of $180.00 in monthly payments of $25.00, and provide medical insurance for the child if

such insurance was available through his employer's group plan.

On January 18, 1996 the division filed a Motion for Modification of Child Support Order pursuant to Section 454.496 RSMo (1994). The division submitted the Dunklin County judgment into evidence at the hearing. The hearing officer issued a decision denying the motion for modification. The decision framed the issue as "whether the Judgment entered by the Circuit Court of Dunklin County, Missouri should be modified, utilizing the administrative procedure contained in Section 454.496, RSMo (1994), to increase the current child support obligation of Respondent." The decision included a finding that a judgment had been entered in the Circuit Court of Dunklin County that stated that the amount of child support calculated pursuant to Form 14 was unjust and inappropriate and that petitioner "was not ordered to pay any current child support and was ordered only to pay $100.00 per month toward an existing state debt." The decision recited: "[I]t is determined that there has been no showing of a substantial and continuing change of circumstances sufficient to consider the existing Judgment unreasonable."

On March 3, 1997 the division issued a Notice and Finding of Financial Responsibility, pursuant to Section 456.470 RSMo (1994), to petitioner determining that petitioner owed a duty of support to his son in the amount of $415.00 per month. The division further ordered petitioner to enroll his son in his employer's health care plan if available. Petitioner requested an administrative hearing challenging the allegations in the notice. Among other assertions petitioner specifically raised the issue that a previous order had determined that he had no current duty of support.

The hearing officer found that no prior court order existed regarding petitioner's child support obligation. The officer further determined that petitioner's presumed support obligation was $305.00 per month. The officer ordered petitioner to pay this amount in child support and maintain health insurance for the minor child. Petitioner filed a petition for review in the Circuit Court of St.

Louis County which affirmed the decision. Petitioner appeals from this judgment.

For his first and dispositive point, petitioner challenges the director's decision requiring petitioner to pay child support upon the finding that "no court order exists regarding [petitioner's] support obligation" for the child. He argues that the prior Dunklin County judgment and the director's 1996 decision determined petitioner's support obligation and therefore the division was required to proceed by a motion to modify.

Sections 454.460–454.520 RSMo (1994) establish three procedures by which the director may administratively establish or modify child support obligations. Section 454.470 sets forth the procedure to establish a support obligation where no support order has previously been entered. Section 454.496 sets forth the procedure to modify support where a judicial support order exists. It requires a showing of changed circumstances so substantial and continuing as to make the terms of the judicial order unreasonable. Sections 454.496.5; 452.370 RSMo (1994). Section 454.500 sets forth the procedure to modify a support obligation where an administrative support order has been entered pursuant to Sections 454.470 and 454.475. It may be modified only upon the same proof of a change in circumstances. Section 454.500.3.

Here, the director brought his action under Sections 454.470 and 454.475 seeking to establish a support obligation on the basis that no prior "court order" had been entered regarding petitioner's obligation to support the child. A "court order" is defined in Section 454.460(2) as "any judgment, decree, or order of any court which orders payment of a set or determinable amount of support money." The Missouri Supreme Court has held that no "court order" exists under Section 454.460(2) when a court fails to act upon the issue of child support money; in such a case, child support is left open for administrative action. *Dye v. Division of Child Support Enforcement, Dept. of Social Services, State of Mo.*, 811 S.W.2d 355, 360 (Mo. banc 1991).

■ In this case, however, a "court order" as defined in Section 454.460(2) did exist.

The Dunklin County court declared "[t]hat after consideration of all relevant factors that the amount of child support calculated pursuant to Civil Procedure No. 14 is unjust and inappropriate." Rule 88.01 directs what a court shall consider "when determining the amount of child support to order...." It provides that the amount calculated pursuant to Civil Procedure Form No. 14 is presumed correct unless the court finds "that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." By considering the Form 14 calculations and determining that they were rebutted, the Dunklin County court engaged in a determination of the amount of child support to order. The award of no child support constitutes a set and determinable amount under the circumstances of this case. The Dunklin County court did not leave this issue open for administrative action.

■ Further, the division is judicially estopped from taking the position that the Dunklin County judgment was not a "court order" under Section 454.460(2). "Estoppel, in its basic form, applies to prevent litigants from taking a position in one judicial proceeding, thereby obtaining benefits from that position in that instance and later, in a second proceeding, taking a contrary position in order to obtain benefits from such a contrary position at that time." *Jensen v. Jensen*, 877 S.W.2d 131, 135 (Mo.App.1994). For example, where a wife contended and the trial court agreed that a trial court's alimony award was contractual, and not subject to modification in defense to her husband's motion to modify, she could not in a subsequent action take the position that the award was decretal. *Vorhof v. Vorhof*, 532 S.W.2d 830, 831 (Mo.App.1975). This doctrine of judicial estoppel can apply to quasi-judicial administrative actions. *See Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 604 (9th Cir.1996).

The division treated the Dunklin County judgment as a "court order" under the statute in 1996 when it filed its motion to modify that judgment pursuant to Section 454.496 RSMo (1994) in order to increase petitioner's child support obligation. It put the Dunklin

County judgment into evidence as the court order it sought to modify. It prevailed in this regard in that the hearing officer accepted the Dunklin County judgment as a court order under the statute and proceeded with a modification proceeding on the merits. The division cannot now claim that the judgment was not a "court order" under the statute to avoid proceeding by a motion to modify under Section 454.496.

The Director erred in finding no previous "court order" and in determining support under Sections 454.470 and 454.475. The judgment is reversed.

SIMON, P.J., and LAWRENCE E. MOONEY, J., concur.