**NEW MADRID COUNTY HEALTH CENTER, Respondent,**

v.

**Cloyce POORE, Appellant.**

No. 16582.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 19, 1990.

Motion for Rehearing or Transfer to Supreme Court Denied
Jan. 10, 1991.

Application to Transfer Denied
Feb. 7, 1991.

Joseph C. Blanton, Jr., Blanton, Rice, Sidwell & Ottinger, Sikeston, for appellant.

Hal E. Hunter, Jr., New Madrid, for respondent.

## HOGAN, Judge.

Appellant Cloyce Poore appealed to the Missouri Personnel Advisory Board (the Board) after being dismissed, on February 3, 1989, as Administrator of the New Madrid County Health Center. The Board disapproved appellant's dismissal and ordered that he be reinstated and paid such salary as he had lost by reason of his dismissal. Both parties petitioned the Circuit Court of New Madrid County for review of the Board's order. The Health Center averred, among other things, that: 1) the power to dismiss employees was vested in its trustees by § 205.042.4, RSMo 1986,[1] and the Advisory Board lacked jurisdiction to hear an appeal or render a decision concerning the appellant's dismissal; 2) the position of administrator of the Health Center is not covered by any merit system; 3) the Board's findings were not supported by competent and substantial evidence; and 4) the Board exceeded its authority by substituting its judgment for that of the appointing authority. The appellant's cross-petition for review averred that the Board had properly reversed the decision of the Health Center but had improperly omitted an award of attorney's fees and other expenses incurred by the appellant as a result of his dismissal. Prayer of the cross-petition was that the cause be remanded to the Board for amendment to include an award of attorney's fees and "other expenses incurred by [appellant] as a direct result of his improper termination." The appellant also filed an answer to the Health Center's petition for review, and as an "affirmative defense" averred that the Health Center had waived or was estopped to claim that the appellant was not covered by the Missouri Merit System because that argument had not been presented to the Board. The circuit court held that the Board lacked jurisdiction and further determined that the appellant was an at-will employee and therefore had no constitutionally protected property interest in continued employment. The appellant also moved the court, pursuant to Rules 73.01 and 75.01, to reopen the case to receive additional evidence demonstrating the existence of jurisdiction in the Board. The trial court received additional evidence, before us as Plaintiff's Exhibit 21. It ruled that the exhibit, to which we shall refer further, did not confer jurisdiction of the proceeding on the Board. The appellant thereupon appealed.

We are obliged first to consider our jurisdiction. It is true that we review the decision of the Board, not the judgment of the circuit court. *DeSilva v. Director, Division of Aging*, 714 S.W.2d 690, 691 (Mo. App.1986); *Holt v. Personnel Advisory Board*, 679 S.W.2d 340, 342 (Mo.App.1984). Nevertheless, the Health Center contends in this court that the Board lacked jurisdiction to hear the appeal or to render a decision in this case, and it has been held that subject matter jurisdiction of an administrative hearing agency is a matter which may be raised at any stage of the proceeding, even for the first time on appeal. *State Tax Commission v. Administrative Hearing Commission*, 641 S.W.2d

---

**1.** Section 205.042.4 provides: "The board of health center trustees may appoint and remove such personnel as may be necessary and fix their compensation; and shall in general carry out the spirit and intent of sections 205.010 to 205.150 pertaining to establishing and maintaining a county health center."

References to statutes and rules are to RSMo 1986 and Missouri Rules of Court (20th ed. 1989), except where otherwise specifically noted.

69, 72 (Mo. banc 1982); *Peerless Fixture Co. v. Keitel*, 355 Mo. 144, 149, 195 S.W.2d 449, 451[1] (1946). *See also Plaquemines Port, Harbor and Terminal District v. Federal Maritime Commission*, 838 F.2d 536, 542, n. 3 (D.C.Cir.1988); *Cunningham v. Iowa Dept. of Job Service*, 319 N.W.2d 202, 204[1] (Iowa 1982); 2 Am.Jur.2d *Administrative Law* § 725, p. 625 (1962). It has further been held that the order of an administrative agency acting without jurisdiction of the subject matter is void, *State Tax Commission v. Administrative Hearing Commission*, 641 S.W.2d at 76, and appellate courts acquire no jurisdiction on appeal from a void order except jurisdiction to determine the invalidity of the order or judgment appealed from and to dismiss the appeal. *Ross v. Conco Quarry, Inc.*, 543 S.W.2d 568, 571 (Mo.App.1976). We are obliged, then, to consider whether the provisions of the State Merit System (Chapter 36) apply to county health centers organized under the provisions of § 205.010 or its statutory precursors.

■ As the Health Center argues, § 205.042.4 provides in plain and unequivocal language that its board of trustees may appoint and remove such personnel as may be necessary and may fix their compensation. Nevertheless, the same statute authorizes the trustees to enter into contracts and agreements with federal, state, county and municipal governments. § 205.042.9. And, an employee's status as an employee at will can be changed by an employment contract or by statute, ordinance or regulation. *Sadler v. Village of Bel–Ridge*, 741 S.W.2d 889, 890 (Mo.App.1987). We decline to explore the appellant's convoluted argument that county health centers have been made a part of the Department of Health because the former Division of Health was incorporated into the Department of Health by the enactment of §§ 192.005 and 192.010. This argument, as we follow it, is that § 36.030.1 extended the State Merit System to employees of the agency then known as the Department of Social Services, and the inclusion of that part of the former Department of Social Services which had been called the Division of Health into the present Department of

Health by the enactment of § 192.005 necessarily extended the provisions of Chapter 36 to all employees of the present Department of Health. The difficulty with this argument is that present § 192.005 does not specifically include county health centers in its transfer of functions, and it does not follow that the enactment of § 192.005 necessarily nullified the provisions of § 205.042.4.

We do believe, however, that the contract entered into by the Health Center and the Department of Health, before us as Plaintiff's Exhibit 21, obliged the Health Center to comply with the provisions of Chapter 36. The document entitled "Local Health Agency Contract—New Madrid County" contains the following provision:

"2.5 The Contractor

The Contractor agrees that it shall employ all personnel under a merit system which is in substantial compliance with the federal guidelines for a merit system of personnel administration. *If local merit system coverage is not available or utilized, the Contractor agrees that it will comply with the State Personnel Law (Chapter 36 RSMo) and the Rules of the State Personnel Advisory Board and Personnel Division and that it will submit required official personnel actions through the Department for review and approval....*" (Emphasis added.)

It was admitted by the Health Center that there was no "local merit system" in existence, and the record indicates that the Health Center followed the procedures outlined by Chapter 36 regarding personnel actions and used personnel forms supplied by the Department of Health. We conclude that, in the circumstances presented, the Board had jurisdiction to hear Poore's appeal from his dismissal.

■ It is further argued that Poore, as a policy-making employee, was exempt from the provisions of the Merit System Law. Section 36.030.1 exempts "... departmental directors, three principal assistants designated by the departmental directors, division directors, one assistant designated by

each division director, and one secretary for each such position...."

We do not believe the appellant falls within the exemption cited. Section 205.-100 provides in terms that the county commission shall annually, at their February meeting, appoint the director of the public health center as county health officer, but there is no evidence that Poore was ever designated the "director" of the New Madrid County Health Center. The Reorganization Act of 1974 makes it clear to us that the term "department" or "division" refers to the various departments and divisions thereof to which various executive functions have been assigned. The New Madrid County Health Center is a local agency which, by the provisions of § 205.090, reports to the county commission. Further, Poore's job description, received as the Board's Exhibit 5, indicates that the supervisor of a county health center receives direction from a designated administrative superior. We cannot agree that Poore was exempt from the provisions of the State Merit Law because he was a "policy-making" employee of the Health Center.

Our decision that the appellant properly appealed to the Board does not, however, dispose of this appeal on its merits. It has been authoritatively held that the Personnel Advisory Board is a "state agency" in that it is authorized by law to adjudicate contested cases. *Mills v. Federal Soldiers Home*, 549 S.W.2d 862, 865 (Mo. banc 1977). The hearing itself is deemed a contested case and the procedures applicable to the processing of such hearings are those established by Chapter 536. Section 36.390.9. The proper scope of judicial review in a contested administrative proceeding was set out in *Percy Kent Bag Co. v. Missouri Commission on Human Rights*, 632 S.W.2d 480 (Mo.banc 1982), thus:

"The role of the reviewing court is set out at Mo. Const. art. V, § 18 and provides that review of a judicial or quasi judicial decision which affects private rights (i.e., contested case) 'shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record.' [Citations omitted.] Although [the reviewing] court 'may have decided the case differently as an original proposition, we, as well as the trial court, must defer to the administrative tribunal's findings of fact. Neither a circuit court nor an appellate court may substitute its judgment for that of the administrative board.' [Citation omitted.]"

*Id.* at 487.

This ruling was reaffirmed in *Barnes Hospital v. Missouri Commission on Human Rights*, 661 S.W.2d 534 (Mo. banc 1983), but in *Barnes* our Supreme Court further held that the stricture against a reviewing court's substituting its own judgment on the evidence in reviewing an administrative proceeding does not preclude the reviewing court's deciding whether an administrative tribunal could reasonably have made its findings, and reached its result, upon consideration of all the evidence before it, and setting aside decisions which are clearly contrary to the overwhelming weight of the evidence. *Barnes Hospital v. Missouri Commission on Human Rights*, 661 S.W.2d at 535–36[2]. Other precedents stating essentially the same principle are *Michler v. Krey Packing Co.*, 363 Mo. 707, 717, 253 S.W.2d 136, 141 (banc 1952); *Citizens for Rural Preservation, Inc. v. Robinett*, 648 S.W.2d 117, 124 (Mo.App.1982); *Moran v. Whaley*, 608 S.W.2d 446, 448 (Mo.App.1980); and *Vlasak v. Alternative System of Police Retirement System of St. Louis*, 435 S.W.2d 726, 729 (Mo.App.1968), cited by the respondent Health Center.

■ Of particular concern to this court are the Board's findings that acts which bordered on unlawful conduct did not constitute good cause for dismissal. The Health Center advised the appellant of his dismissal by letter dated February 2, 1989. The letter gave specific reasons for the appellant's dismissal. Among those reasons were:

"1. You did submit vouchers for payment over your signature for merchandise purportedly purchased from Big D

Discount when in fact said vouchers were false and fraudulent in that the items listed were not purchased. Purchases were for the following items and dated 8/26/87 and 9/2/87. Copies are attached. Amounts were to repay Mr. Cravens for sums spent for fish, hush puppies, slaw and alcoholic beverages for consumption on Health Center property."

Another reason given by the appointing authority for dismissing the appellant was stated thus:

"7. [You] [p]ermitted and directed purchases for the New Madrid County Health Department from an establishment owned and operated by a member of the Board of Trustees in violation of Section 205.031(5) RSMo."

In connection with the false vouchers, the Board made the following finding:

"5. The Appellant did not submit vouchers for payment over his signature dated 8/26/87 and 9/2/87. The vouchers were signed by a subordinate of the Appellant. These vouchers were not fraudulent in that no person or agency benefited financially or otherwise from the payment of these vouchers, and no person or agency suffered loss as a result of payment of these vouchers. The vouchers were false in that they charged for items not actually sold to the [Health Center]. The price of these items represented the price of items which Big D Discount purchased on behalf of [the Health Center] as supplies for a fish fry. The fish fry was given in conjunction with a training session and at the request of the subordinate who signed the vouchers, and at the request of a state official who was coordinating the training on behalf of the State. The Board finds that the Appellant knew or should have known of the false nature of the vouchers; however, his tacit agreement with this procedure does not constitute incompetence or inefficiency, nor does it violate the rules and regulations of the [Health Center], nor was it such scandalous and disgraceful

conduct as to tend to bring discredit upon the [Health Center]."

As to the charge that the appellant permitted and directed purchases for the Health Center from an establishment owned and operated by a member of the Board of Trustees in violation of § 205.031, the Board found that:

"12. ... the Appellant did not knowingly or wilfully violate Section 205.-031(5) RSMo. The Board finds that the Appellant's actions did not constitute incompetence or inefficiency and were not violations of the [Health Center's] rules, nor were they scandalous and disgraceful conduct tending to bring the [Health Center] into disrepute."

This court can, with some reserve, accept the finding that the appellant was not aware of the provisions of § 205.031.5.[2] We nevertheless find that the Board could not reasonably have made its findings and reached its result upon consideration of all the evidence before it. Our examination of the record discloses that the appellant's dismissal originated in his irregular purchase of supplies to be used in connection with an in-service training session which was held in August 1987. A Mr. Wooldridge, identified as being the "district supervisor for Environmental Sanitarians," inquired about having a fish fry in connection with the training session. It was suggested that each person attending the training session "chip in," but the appellant stated that "we will take care of the fish fry."

Various items were purchased for the fish fry. Fish was ordered from a Mr. Scrogg Rhodes, who has a fish pond near Lilbourn. Poore and a subordinate picked up several cases of beer and some hush puppies, slaw and potatoes. None of the items were paid for when they were purchased. At least one of the suppliers (Rhodes) expressed dissatisfaction when he was told that it might be a month before he could receive his money. This was explained to the appellant who said he "would

2. Which provides that "No trustee shall have a personal pecuniary interest, either directly or indirectly, in the purchase of any supplies for the health center, unless the same are purchased by competitive bidding."

take care of that." The appellant thereupon arranged with one Cravens, a member of the Board of Trustees and owner of an enterprise known as Big D Discount, to charge items for the fish fry through Big D Discount. The Health Center would then reimburse Big D. Big D issued checks to Mr. Rhodes, Diane's Catering Service for the hush puppies, and $76.50 to a New Madrid package liquor store for the beer.

About one month after the fish fry, Cravens brought three bills to the Health Center for one of the appellant's subordinates to sign. The subordinate was told to tell the appellant "this was the way" the Big D was to be paid for the items furnished to the Health Center for the fish fry. The bills presented did not list the items which had actually been furnished. Instead, Cravens, as owner or operator of the Big D, listed items he normally sold the Health Center and charged an amount sufficient to reimburse Big D for the items purchased for the fish fry. Subsequently, appellant approved the bill or bills presented by Big D as "being proper vouchers" and presumably warrants were issued by the County Commission.

As we have indicated, it is our conclusion that the Board's findings with respect to the false vouchers submitted by the appellant are not supported by competent and substantial evidence upon the whole record and are contrary to the overwhelming weight of the evidence. There is no positive basis for the Board's finding that no person or agency benefitted financially from the payment of the vouchers or that no person or agency suffered loss as a result of the payment of the vouchers. There is no indication that any member of the Board of Trustees other than Cravens was consulted or was aware that the Health Center planned or had conducted a fish fry in connection with the training session.

County Health Centers are supported by levying a tax approved by a majority of the voters. §§ 205.010, 205.020. Section 205.-042.3 provides, as we have said, that all funds received by county health centers shall be paid out only upon warrants drawn by the treasurer of the board of trustees upon properly authenticated vouchers of the board of health trustees. We do not suggest that the conduct of authorized social functions by county health centers is always improper; however, the record indicates strongly that it was the appellant's idea to finance the fish fry through the use of false vouchers. In general, an officer may pay out public money only in the manner prescribed by law. 4 McQuillin, *Municipal Corporations* § 12.217, p. 231 (3d ed. 1985). The judgment is reversed and the cause is remanded with directions to remand it to the Personnel Advisory Board, directing that Board to set aside its decision and order reinstating the appellant with back pay.

FLANIGAN, P.J., and MAUS, J., concur.

SHRUM, J., not participating because not a member of the court when cause was submitted.