STATE of Missouri, DEPARTMENT OF
SOCIAL SERVICES, DIVISION OF
CHILD SUPPORT ENFORCEMENT
and Sheila Rae Phillips, Appellants,

v.

Ronald Dewayne HOUSTON, Respondent.

No. 81222.

Supreme Court of Missouri,
En Banc.

April 13, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
James Layton, Evan J. Buchheim, Asst. Attys. Gen., James M. McCoy, Division of Legal Services, Jefferson City, Sheila Rae Phillips, Bunker, for appellant.

Lawrence N. Koeln, Centerville, for respondent.

ANN K. COVINGTON, Judge.

The State of Missouri, Department of Social Services, Division of Child Support Enforcement (the division), and Sheila Rae Phillips appeal the trial court's judgment setting aside an administrative order modifying child support because the order lacked judicial approval. The Missouri Court of Appeals, Southern District, affirmed the judgment. Upon the division's application for transfer, this Court granted transfer. Reversed.

Subsection 1 of section 454.496 [1] set forth the initial requirements for administrative modification of child support orders. The record reflects that the division complied with the requirements in this case. It served Ronald Dewayne Houston, the obligated parent, in the manner required. *See* section 454.496.1–.3. Houston had thirty days either

---

1. All references to section 454.496 refer to section 454.496, RSMo 1994, which became effective July 1, 1994. Section 454.496.6 was amended in 1997.

to resolve the matter by stipulated agreement or to serve the moving party and the director with a written response setting forth any objections to the motion and a request for hearing. *See id.* Houston filed no objection or request for hearing. After thirty days, the director, upon proof of service, issued an order modifying child support and ordering health insurance coverage and certain medical and dental costs. The order is dated December 6, 1995. It modified a child support order entered February 7, 1991.

Pursuant to subsection 6 of section 454.496, the division then filed the order modifying child support in the Circuit Court of Reynolds County on December 13, 1995. On January 31, 1996, the circuit clerk certified that forty-five days had elapsed since the division had filed its order and that the circuit judge had taken no action on the proposed order. *See id.* Under subsection 6, if no action was taken by the court within forty-five days and no petition for review was filed, the court was deemed to have made a written finding that the administrative order complied with the terms of Supreme Court Rule 88.01 and to have approved the administrative order. On March 11, 1996, Phillips filed a lien request in the circuit court to enforce the purported judgment. There is no evidence that Houston made any attempt to contest the lien.

On March 14, 1997, fifteen months after the division's order was deemed approved pursuant to section 454.496 and a year after Phillips' lien request, Houston filed a "Motion to Strike" the modified support order on the ground that it was not signed by an attorney. *See Minx v. State Dep't. of Social Services,* 945 S.W.2d 453 (Mo.App.1997). On April 8, 1998, the circuit court entered judgment setting aside the modified order because it had been entered without judicial approval, apparently acting under the authority of *Chastain v. Chastain,* 932 S.W.2d 396 (Mo. banc 1996).

This Court decided *Chastain* on October 22, 1996. *Chastain* held unconstitutional and ordered severed that portion of section 454.496.6 that provided that the court in which the order of modification was filed shall be deemed to have made a written finding and approved the administrative order "if no action is taken by the court within forty-five days of the filing of the administrative order with the court, and no petition for judicial review has been filed." *Chastain,* 932 S.W.2d at 400. *Chastain* states that because the statute made judicial review mandatory, "it cannot also erect a default procedure that assumes judicial review by the mere passage of time." *Id.* The default procedure is violative of article V, section 18 of the Missouri Constitution: "[T]he constitution does not permit the General Assembly to require, then to pretermit, judicial review of an administrative modification of a child support order if a court fails to approve the administrative order within forty-five days." *Id.* at 397. The circuit court raised the *Chastain* issue *sua sponte.*

■ The issue is whether Houston, having failed to file a petition for review of the administrative order or to contest the lien enforcing the order, may challenge the order—fifteen months after it was entered—on the grounds that it was entered pursuant to a statute that this Court subsequently ruled unconstitutional.

For the second time in fewer than twelve months, this Court is called upon to address the validity of a purported judgment entered pursuant to a statute under authority of which thousands of purported judgments were entered before the statute was declared unconstitutional by this Court. In *State ex rel. York v. Daugherty,* 969 S.W.2d 223, 224 (Mo. banc 1998), a family court commissioner entered a purported judgment on June 10, 1996, pursuant to section 487.030 [2] dissolving the marriage of Claudia J. York and James S. Stubbs. Section 487.030 provided that the findings and recommendations of a family court commissioner became a judgment of the court when entered by the commissioner. Neither party filed a petition for review or made any attempt to challenge the commissioner's "judgment" on any grounds. Two

---

**2.** All references to section 487.030 refer to section 487.030, RSMo Supp.1997, which became effective May 15, 1996.

years later, this Court held that documents signed solely by a commissioner pursuant to section 487.030 are not final appealable judgments, because they "are not signed by a person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution." *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998).

In response to *Slay*, a judge of the Circuit Court of Jackson County entered a "final judgment" in York and Stubbs' dissolution action that adopted the findings and recommendations made by the commissioner. York and Stubbs brought a petition for a writ in this Court. They complained that the effect of the judge's actions was to delay the effective date of the decree of dissolution. After briefing and oral argument, this Court held that the rights of York and Stubbs were concluded by the June 10, 1996, "judgment" of the commissioner and ordered the judge to set aside the April 9, 1998, "final judgment." *York*, 969 S.W.2d at 224.

■ In *York*, this Court noted the well-established principal that constitutional violations are waived if not raised at the earliest possible opportunity. *York* at 224, citing *Adams v. Children's Mercy Hospital*, 832 S.W.2d 898, 907 (Mo. banc 1992). Failure to raise a constitutional challenge to a statute in a proceeding before an administrative agency or on review of the agency's decision constitutes a waiver of that claim. *City of Chesterfield v. Director of Revenue*, 811 S.W.2d 375, 378 (Mo. banc 1991). The critical question in determining whether waiver occurs is whether the party affected had a reasonable opportunity to raise the constitutionality of the act or statute by timely asserting the claim before a court of law. *Callier v. Director of Revenue*, 780 S.W.2d 639, 641 (Mo. banc 1989). Parties could not contest the constitutionality of the family court commissioner's "judgment" unless they raised it in a petition for judicial review. *York*, 969 S.W.2d at 225.

Here, as in *York*, the legislature enacted a presumptively constitutional but flawed statute. Section 454.496.6 provides a process for testing the correctness of the administrative order before a circuit judge, including not only the opportunity to challenge compliance with Rule 88.01 but, also, the opportunity to claim that the statute was unconstitutional. Houston failed to take advantage of the process provided in section 454.496.6; he filed no petition for review. Because Houston did not file a petition for review, he waived any right to assert a constitutional claim or to have it asserted by the circuit court on his behalf.

■ The question remains whether the administrative order, which was not signed by an article V judge, may be enforced as a judgment. *See Slay*, 965 S.W.2d at 845. *York* allowed, on the basis of extraordinary circumstances, for a purported judgment to have a conclusive effect on the rights of the parties. Parties who affirmed a "judgment" by accepting the benefits or burdens of the "judgment," conducting themselves as if the commissioner's "judgment" were a valid dissolution decree, were estopped from attacking the purported judgment. *York*, 969 S.W.2d at 225.

Under the limited circumstances presented by the issue in this case, this Court proceeds under the authority of *York*. Under a *York* analysis, there is no question that a party who accepts the burden of a child support modification order is estopped from challenging its validity. *See York*, 969 S.W.2d at 225. The record in this case is not clear as to whether Houston complied in any respect with the order. The record is clear, however, that for fifteen months Houston made no effort to challenge its validity. When he did so, it was on the ground that it was not signed by an attorney. Further, there is no indication in the record that Houston contested Phillips' lien. Because the circumstances invited an expression of a position contrary to compliance with the order by the filing of a petition for review, Houston's conduct constitutes an affirmation of the validity of the order. *See In re Marriage of Ayres*, 214 Cal.Rptr. 163, 169 (Cal.App.1985) (obligated spouse estopped from challenging validity of child support order, because obligated spouse's failure to raise jurisdictional challenge to child support order or to contest execution of the order was an affirmation of the "judgment"). Application of the doctrine of estoppel is especially appropriate given Phillips' reasonable reliance on the legitima-

**953**

cy of the administrative order. *See York,* 969 S.W.2d at 225; *see also Ayres,* 214 Cal. Rptr. at 169. Houston is estopped from attacking the validity of the order.

The rights of the parties were concluded by the December 6, 1995, order of the division, which took effect on January 31, 1996, when the circuit clerk certified that forty-five days had elapsed without action by the court. The administrative order modifying child support is deemed effective as a judgment as of that date.

The judgment of the circuit court is reversed.

All concur.