**Michael BINNS, Respondent,**

v.

**MISSOURI DIVISION OF CHILD SUPPORT ENFORCEMENT, Appellant.**

No. 75174.

Missouri Court of Appeals, Eastern District, Division One.

July 6, 1999.

Application for Transfer Denied Oct. 26, 1999.

---

Michael L. Schechter, Clayton, Sherry Taylor, St. Louis, for appellant.

Ronald F. Laboe, St. Louis, for respondent.

CLIFFORD H. AHRENS, Judge.

Linda S. Binns ("mother") and the Division of Child Support Enforcement ("DCSE") appeal from a judgment of the Circuit Court of St. Louis County reversing DCSE's decision ordering Michael J. Binns ("father") to pay child support. Mother argues that the trial court erred in holding that DCSE's decision was void because DCSE had jurisdiction to order child support. DCSE argues that the trial court did not have jurisdiction to hear the appeal from DCSE's decision because father's petition for review was not timely. We affirm.

The marriage of mother and father was dissolved on November 6, 1986. Father was ordered to pay child support of $50.00 per week per child. Mother and father were awarded joint legal and physical custody of the children. On August 10, 1995, the circuit court entered a judgment modifying the earlier decree of dissolution. The judgment gave mother primary legal custody, continued the joint physical custody, and ordered that "[n]either party is obligated to the other as and for child support." On June 5, 1996, the juvenile court entered an order modifying father's visitation rights. This order did not address the issue of child support.

On September 10, 1996, mother requested the assistance of DCSE. On July 16,

1997, DCSE entered a decision ordering father to pay $217.00 per month child support. On July 31, 1997, DCSE mailed this decision to father and father received it on August 1, 1997. Father filed a petition for judicial review on August 21, 1997, which was served on DCSE by certified U.S. Mail on the same day.[1] On January 26, 1998, father's petition for judicial review was dismissed for lack of proper service upon mother.

On January 30, 1998, father refiled his petition for review, asserting that the refiling was pursuant to section 516.230 RSMo 1994.[2] On August 10, 1998, DCSE filed a motion to dismiss, arguing that section 516.230 did not apply and father's petition was therefore not timely filed. On September 8, 1998, the circuit court entered judgment finding that DCSE had no jurisdiction to modify the child support order, and as a result denying DCSE's motion to dismiss and finding DCSE's decision to be void and unenforceable. The appeals of mother and DCSE have been consolidated and are now before this court.

In its point on appeal, DCSE argues that the trial court erred in denying DCSE's motion to dismiss because father had not timely filed a petition for judicial review, and therefore the trial court had no jurisdiction over the case. DCSE does not challenge the timeliness of father's filing of the original petition for review. DCSE's contention is that the refiling of the petition, following dismissal for lack of proper service on mother, was untimely.

■ Missouri statutes do not set out any time limits within which the petition for review must be served on requisite parties. Section 536.110.2; *see also* 20 ALFRED S. NEELY, MISSOURI PRACTICE section 12.23 (2d ed.1995). This court has held that this portion of the rule "is not

violated unless notice is so untimely as to deprive [a requisite party] of due process." *Bresnahan v. Bass,* 562 S.W.2d 385, 388 (Mo.App.1978). In this case, only DCSE complains about the lack of proper service on mother. Mother does not challenge the service of the petition, nor does it appear that any of her rights to due process were violated. DCSE was timely served with a copy of the petition. Since DCSE was properly served, it was not deprived of due process by the lack of timely service on mother.

■ Furthermore, Missouri courts have held that a petition for review is not jurisdictionally deficient for failing to name all parties who appeared in the administrative proceeding; nor is it necessary that all such parties be notified of the filing of the petition within 30 days following rendition of the administrative decision. *State ex rel. Cass County v. Dandurand,* 759 S.W.2d 603, 606 (Mo.App.1988). *See also State ex rel. Herd v. St. Charles County Comm'n,* 764 S.W.2d 505 (Mo.App.1989) (permissible to join additional members of county commission after 30-day period, even if only the zoning authority was named and served within the statutory period). Since DCSE was timely served within the statutory period, and there are no due process concerns implicated, we find that father's refiling of his petition for review was not jurisdictionally deficient. DCSE's point is denied.

■ In mother's first point on appeal, she argues that the trial court erred in declaring DCSE's order of July 1, 1997, void and unenforceable because DCSE did have jurisdiction at the time of the order. Mother asserts that DCSE had jurisdiction to enter its order pursuant to section 454.470.1 because there was no previous

---

1. Section 536.110.2 RSMo 1994 reads, in part: "No summons shall issue in such case, but copies of the petition shall be delivered to the agency and to each party of record in the proceedings before the agency or to his attorney of record, or shall be mailed to the agen-

cy and to such party or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case."

2. Unless otherwise indicated, all subsequent statutory references are to RSMo 1994.

court order. Father responds that DCSE never had jurisdiction because the trial court retained jurisdiction by entering support orders. We preface our analysis by noting that subject matter jurisdiction of an administrative hearing agency is a matter which may be raised at any stage of the proceeding. *New Madrid County Health Ctr. v. Poore*, 801 S.W.2d 739, 740 (Mo.App.1990). In addition, on appeal from the circuit court's review of an administrative decision of an administrative agency, this court reviews the decision of the agency, not the decision of the circuit court. *Americare Systems, Inc. v. Missouri Dep't of Social Services*, 808 S.W.2d 417, 419 (Mo.App.1991).

> Sec. 454.470.1 states, in pertinent part: *If a court order has not been previously entered* or if a support order has been entered but is not entitled to recognition pursuant to sections 454.850 to 454.997, the director may issue a notice and finding of financial responsibility to a parent who owes a state debt *or who is responsible for the support of a child on whose behalf the custodian of that child is receiving support enforcement services from the division pursuant to section 454.425.*

Section 454.470.1 (emphasis added). For the purposes of this statute, Missouri defines "court order" as "any judgment, decree, or order of any court which orders payment of a set or determinable amount of support money." Section 454.460(2). Mother argues that the original order of the family court did not order payment of a set or determinable amount of support money, so it was not a "court order" under Missouri law.

Our Supreme Court has held that no "court order" exists under section 454.460(2) when a court fails to act upon

the issue of child support money. *Dye v. Division of Child Support Enforcement*, 811 S.W.2d 355, 360 (Mo. banc 1991). In *Shockley v. Division of Child Support Enforcement*, 980 S.W.2d 173 (Mo.App.1998), this court held that we look to the facts and circumstances of the specific case to determine whether a lower court's award constitutes a "set and determinable amount." *Shockley*, 980 S.W.2d at 175. In *Shockley*, the father "was not ordered to pay any current child support and was ordered only to pay $100.00 per month toward an existing state debt." *Id.* at 174. This court found "the award of no child support constitutes a set and determinable amount" for the purposes of determining whether there was a previous "court order." *Id.* at 175.

■ The circuit court in the case at bar explicitly found that "neither party is obligated to the other as and for child support." The circuit court directly addressed the issue of child support in its judgment of August 10, 1995. As a result, the court did not fail to act upon the issue of child support.[3] We believe that under the circumstances of this case, the circuit court's order of August 10, 1995, constitutes a "set and determinable amount" and was therefore a "court order" for the purposes of section 454.470.1.

Because we find there was an existing court order setting a determinable amount of child support, DCSE had no jurisdiction to enter a new administrative support order pursuant to Section 454.470.[4] Our supreme court has held that the order of an administrative agency acting without subject matter jurisdiction is void. *New Madrid County Health Ctr.*, 801 S.W.2d at 741. Accordingly, the circuit court's order of August 10, 1995, regarding child support

---

**3.** Mother does not argue that the juvenile court's order of June 5, 1996, supersedes or replaces the dissolution court's order of August 10, 1995. She asserts that there was no previous court order which resolved the issue of child support. As noted, the order of August 10, 1995, shows that the trial court ad-

dressed the issue of child support and, as such, it is a "previous court order."

**4.** We need not determine in this proceeding what other administrative remedies may have been available to DCSE or mother.

is still in effect and DCSE's subsequent order is void and unenforceable. Point denied.

In mother's second point on appeal, she argues that the trial court erred in reviewing DCSE's findings of fact and conclusions of law. Since we hold that DCSE had no jurisdiction to modify the original court order, this point is moot. The trial court was correct in determining that DCSE's order was void. Accordingly, mother's second point is denied.

The judgment of the trial court is affirmed.

JAMES A. PUDLOWSKI, P.J., and WILLIAM H. CRANDALL Jr., J., concur.