Guadalupe **GARCIA–HUERTA**,
Appellant,

v.

Antoinette **GARCIA** and **State of Missouri, Department of Social Service, Division of Child Support Enforcement**, Respondents.

No. WD 61483.

Missouri Court of Appeals,
Western District.

Feb. 11, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 2003.

Application for Transfer Denied
May 27, 2003.

Derek A. Ward, Kansas City, for Appellant.

Gary L. Gardner, Jefferson City, for Respondent.

Before HOWARD, P.J.,
LOWENSTEIN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Guadalupe Garcia–Huerta appeals from an administrative order by the Division of Child Support Enforcement (Division) requiring her to pay child support on behalf of her son, Ponciano. We reverse and remand the cause for dismissal because the Division lacked subject matter jurisdiction to enter the support order.

## Factual and Procedural History

On October 6, 1986, the Jackson County Circuit Court entered a judgment dissolving the marriage of Guadalupe Garcia (now Garcia–Huerta) and Anthony Garcia. Mrs. Garcia–Huerta was granted custody of the couple's son, Ponciano, born July 12, 1985. The dissolution judgment ordered Mr. Garcia to pay child support for Ponciano in the amount of $267.00 monthly.

In October 2000, at the age of fifteen, Ponciano left his mother's home and moved in with his older sister, Antionette Garcia. Antionette applied for and received temporary financial assistance from the Department of Social Services on Ponciano's behalf. On February 5, 2001, the Division issued a Notice and Finding of Financial Responsibility to Mrs. Garcia–Huerta, seeking to recover the State debt by requiring her to pay child support. Following an administrative hearing, the Division ordered Mrs. Garcia–Huerta to pay child support for Ponciano in the amount of $280.00 monthly.

The Jackson County Circuit Court affirmed the administrative child support order upon judicial review. Mrs. Garcia–Huerta appeals, contending the Division did not have subject matter jurisdiction to order child support payments, pursuant to § 454.470 RSMo 2000, because a prior support order for Ponciano was entered in the 1986 dissolution decree.

## Standard of Review

On appeal of an administrative child support order, we review the decision of the Division and not that of the circuit court. *Honderick v. Honderick,* 984 S.W.2d 205, 210 (Mo.App. W.D.1999). Our review is limited to a determination of whether the administrative decision was constitutional, was supported by competent and substantial evidence upon the whole record, was authorized by law, was made upon lawful procedure, was not arbitrary, capricious, or unreasonable, or was not an abuse of discretion. *Id.* We view the evidence and inferences in a light most favorable to the Division's decision and defer to its assessments of witness credibility. *Id.* However, questions of law, including jurisdictional issues, are reserved for the independent judgment of the appellate court. *Phillips v. Fallen,* 6 S.W.3d 862, 864 (Mo. banc 1999).

## Subject Matter Jurisdiction

Subject matter jurisdiction exists only when a court or agency has the right to proceed to determine the controversy at issue or grant the relief requested. *Group Health Plan Inc. v. State Bd. of Registration for the Healing Arts,* 787 S.W.2d 745, 748 (Mo.App. E.D.1990). This jurisdiction is derived from law and cannot be conferred by waiver or consent. *Steele v. Steele,* 978 S.W.2d 835, 837 (Mo.App. W.D. 1998). Any order by an administrative agency acting without subject matter jurisdiction is void. *Binns v. Mo. Div. of Child Support Enforcement,* 1 S.W.3d 544, 547 (Mo.App. E.D.1999).

In determining Mrs. Garcia–Huerta's child support obligation, the Division was engaged in the exercise of power granted by § 454.470. The statute provides:

If a court order has not been previously entered or if a support order has

been entered but is not entitled to recognition pursuant to sections 454.850 to 454.997, the director may issue a notice and finding of financial responsibility to a parent who owes a state debt or who is responsible for the support of a child on whose behalf the custodian of that child is receiving support enforcement services. . . .

Section 454.470.1. The Division's jurisdiction to issue administrative child support orders is limited by this provision. The Division may order a parent to pay support on behalf of child who receives State assistance but only if a court has not entered a previous support order. An existing court order setting a determinable amount of child support deprives the Division of subject matter jurisdiction to establish new support orders pursuant to § 454.470. *Binns,* 1 S.W.3d at 547.

### Issue on Appeal

■ Mrs. Garcia–Huerta contends the Division had no jurisdiction to administratively order her to pay child support because a prior support order for Ponciano was entered by the circuit court in the 1986 dissolution decree. The Division responds that jurisdiction was properly established under § 454.470, in that no previous court order was entered against Mrs. Garcia–Huerta. The 1986 decree ordered Mr. Garcia to pay child support but did not require any payment by Mrs. Garcia–Huerta as the custodial parent for Ponciano. The Division argues § 454.470 does not preclude an administrative support order when no prior court order has been entered against the *custodial parent.*

Resolution of this issue requires statutory interpretation of the jurisdictional limitation set forth in § 454.470. Courts must give effect to a statute as written. *Boone County v. County Employees' Ret. Fund,* 26 S.W.3d 257, 264 (Mo.App. W.D.2000).

Our responsibility is to determine the intent of the legislature from the language used and to consider the words used in their plain and ordinary meaning. *State v. Rousseau,* 34 S.W.3d 254, 259 (Mo.App. W.D.2000). The legislature is presumed to have intended what the statute says; consequently, when the legislative intent is apparent from the words used and no ambiguity exists, there is no room for statutory construction. *Id.*

■ Chapter 454 defines the term "support order" as follows:

[A] judgment, decree or order, whether temporary, final or subject to modification, issued by a court or administrative agency of competent jurisdiction for the support and maintenance of a child . . . or of the parent with whom the child is living and providing monetary support, health care, child care, arrearages or reimbursement for such child, and which may include related costs and fees, interest and penalties, income withholding, attorneys' fees and other relief.

Section 454.460(14). Based on this definition, a "support order" refers to an order providing monetary support for the care and maintenance of a child.

■ The statute also defines "court order" as "any judgment, decree or order of any court which orders payment of a set or determinable amount of support money." § 454.460(2). Even if a court determines no child support is to be awarded, such determination can qualify as a court order for purposes of § 454.470. *Binns,* 1 S.W.3d at 547. A prior order exists if the court "directly addressed the issue of child support" without regard for whether the parties were actually ordered to pay a monetary amount. *Id.*

Applying these definitions in the context of § 454.470.1, the plain language of the statute bars the Division from establishing

an administrative support order on behalf of any child for whom a prior order exists. Contrary to the Division's interpretation, the statute makes no distinction with regard to whether the prior order was entered against a custodial or non-custodial parent. The statute refers only to a "support order," which term broadly encompasses any prior court order for the support and maintenance of the subject child.

The Division relies upon *Dye v. Division of Child Support Enforcement*, 811 S.W.2d 355 (Mo.banc 1991), to support its argument that a court order determining a non-custodial parent's obligation does not bar subsequent administrative action against the custodial parent. In *Dye*, the Division sought a support order against a father who had custody of his daughter, Dawn, by court order. *Id.* at 356. Later, Dawn went to live with her mother, who obtained State financial assistance to support the child. *Id.* The Division sought to recover the State debt by ordering the father to pay child support. *Id.* at 357.

On appeal, the father contended the division had no jurisdiction to order child support because the court had entered a prior order indicating he had no support obligation for Dawn. *Id.* The Supreme Court rejected this argument, finding that the prior custody proceeding did not address the issue of Dawn's financial support. *Id.* at 360. Notably, the rationale for the Court's decision had nothing to do with the father's legal status as the custodial parent. The sole concern expressed in *Dye* was whether the prior court order was an "under[taking] to act upon the issue of *support money for Dawn.*" *Id.* (emphasis added). The *Dye* holding is consistent with our interpretation of § 454.470 herein, which focuses on whether the previous order was entered to benefit the subject child and not the identity or status of the party whom the order was entered against.

Section 454.470.1 required the Division to establish its jurisdictional authority before entering an administrative order against Mrs. Garcia–Huerta for the support of her son, Ponciano. While this threshold issue was not specifically addressed during the administrative hearing, the hearing officer made a written finding that "no court order establishing Mother's obligation to pay child support for Ponciano ... has previously been entered." This finding was insufficient for jurisdictional purposes because the hearing officer failed to determine whether any prior court order was entered *for Ponciano's support*, as required by the plain language of § 454.470.1.

The 1986 dissolution judgment included an order for the support and maintenance of Ponciano. This judgment constituted a "previously entered ... support order," which deprived the Division of subject matter jurisdiction to grant an administrative support order for Ponciano. § 454.470.1. The Division's order against Mrs. Garcia–Huerta is, therefore, void and must be vacated.

This cause is remanded to the circuit court, with instructions to vacate its judgment and further remand the cause to the Division, for the purpose of vacating the administrative child support order against Ms. Garcia–Huerta and dismissing the Notice and Finding of Financial Responsibility for lack of subject matter jurisdiction.

All concur.