Frances **COLLOR–REED**, Respondent,

v.

Tony **WARD**, Appellant.

No. ED 83394.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 23, 2004.

Benicia Ann Baker–Livorsi, St. Charles, MO, for appellant.

Nelson Rich, Daphine Martin, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Judge.

Father, Tony Ward, appeals from the trial court's judgment enforcing an administrative order by the Division of Child Support Enforcement (DCSE) requiring him to pay child support on behalf of his daughter. We reverse.

In February 1996, the Circuit Court of St. Louis County entered a judgment of paternity finding that Tony Ward was the father of Whitney Ward (daughter), who was born in 1986. The court found that mother, Frances Collor–Reed, was receiving public assistance and that she had assigned her rights to the Missouri Department of Social Services. The court expressly stated that under the guidelines the total amount due from father for child support was "–0–."

In May 1996, DCSE entered an administrative order requiring father to pay $833.00 per month for child support for daughter. DCSE filed an income withholding order and a lien on father's worker's compensation benefits. In July 1996, mother stopped the wage assignment. Father filed a motion to modify. Father also filed motions to quash the income withholding order as well as to quash the lien on his worker's compensation benefits. Mother filed a motion for contempt. In November 2002, the court modified father's child support obligation to $598.00 per month. In May 2003, the court denied father's motions to quash, finding that DCSE had authority to issue the child support order. The court found that fa-

ther owed mother a total of $56,792.40 for past-due child support, plus interest. The court awarded mother attorney's fees. The court also denied mother's motion for contempt. Father appeals.

■ Father's first point is dispositive. In that point, he contends that the trial court erred in entering a judgment to enforce the child support order because the administrative support order was invalid as a matter of law.

■ On appeal from an administrative child support order, we review the decision of the DCSE and not that of the circuit court. *Garcia–Huerta v. Garcia,* 108 S.W.3d 684, 686 (Mo.App. W.D.2003). Our review is limited to a determination of whether the administrative decision was constitutional, was supported by competent and substantial evidence upon the whole record, was authorized by law, was made upon lawful procedure, was not arbitrary, capricious, or unreasonable, or was not an abuse of discretion. *Id.* Questions of law, however, including jurisdictional issues, are reserved for the independent judgment of the appellate court. *Id.*

■ Subject matter jurisdiction exists only when a court or agency has the right to proceed to determine the controversy at issue or to grant the relief requested. *Id.* This jurisdiction is derived from law and cannot be conferred by waiver or consent. *Id.* Any order by an administrative agency acting without subject matter jurisdiction is void. *Id.*

The threshold issue then is whether DCSE had jurisdiction to order administrative child support. Sec. 454.470.1 RSMo 2000 sets forth the procedure to establish a support obligation where no support order has been entered previously and provides in relevant part:

*If a court order has not been previously entered* or if a support order has been entered but is not entitled to recognition pursuant to sections 454.850 to 454.997, the director may issue a notice and finding of financial responsibility to a parent who owes a state debt or who is responsible for the support of a child on whose behalf the custodian of that child is receiving support enforcement services....

(Emphasis added). For the purposes of this statute, Missouri defines "court order" as "any judgment, decree, or order of any court which orders payment of a set or determinable amount of support money." Section 454.460(2) RSMo 2000. Chapter 454 defines the term "support order" as follows:

[A] judgment, decree or order, whether temporary, final or subject to modification, issued by a court or administrative agency of competent jurisdiction for the support and maintenance of a child ... or of the parent with whom the child is living and providing monetary support, health care, child care, arrearages or reimbursement for such child, and which may include related costs and fees, interest and penalties, income withholding, attorneys' fees and other relief.

Section 454.460(14). A "support order" therefore refers to an order providing monetary support for the care and maintenance of a child.

Father contends that DCSE had no jurisdiction to administratively order him to pay child support because a prior order for the support of his daughter was entered by the trial court in the 1996 judgment of paternity. DCSE counters that jurisdiction was properly established under section 454.470, for the reason that no previous court order for payment of a set or determinable amount of support money was entered against father. DCSE argues that because the 1996 judgment ordered father to pay no child support, the issue of

child support remained open for administrative action.

■ In statutory interpretation, the legislature's intent is ascertained by considering the plain and ordinary meaning of the words in the statute. *Floyd v. Director of Revenue*, 140 S.W.3d 165, 169 (Mo.App. E.D.2004). The plain language of section 454.470.1 provides that an existing court order setting a determinable amount of child support deprives DCSE of subject matter jurisdiction to establish a new support order. *Garcia–Huerta*, 108 S.W.3d at 687. Contrary to DCSE's interpretation, the statute makes no distinction with regard to whether or not the prior order entered a specific dollar amount. The statute refers only to a "support order," which term broadly encompasses any prior court order for the support and maintenance of the subject child.

DCSE relies on the decision of the Missouri Supreme Court in *Dye v. Div. of Child Support Enforcement*, 811 S.W.2d 355, 360 (Mo. banc 1991), holding that no "court order" exists under section 454.460(2) when a court fails to act upon the issue of child support money. In *Dye*, the judgment was silent as to child support for daughter. *Id.* at 356. The court stated that "[b]ecause the court did not undertake to act upon the issue of support money for [daughter] in the modified dissolution decree, that issue remained open to administrative action." *Id.* at 360. The supreme court focused on the absence of any court order fixing an amount of money for daughter's support. *Id.*

Yet, in *Kubley v. Brooks*, 141 S.W.3d 21 (Mo. banc 2004), the Missouri Supreme Court held that the court's judgment that "both parties be required to support the minor children" was a court order setting a determinable amount of child support. The supreme court concluded that although that order did not set out a specific numerical amount of support to be paid by one parent to the other, the court specifically considered the issue of support and ordered both parents to support the minor children. *Id.* at 26. The court reasoned that the amount payable by the parent was determinable from the court order. *Id.* To be determinable, it was not necessary that the order direct a specific dollar amount of support be paid from one parent to another. *Id.* Rather, it was only necessary that each parent was able to determine from the court's order exactly what they were to pay to the other parent, even if that amount was nothing. *Id.*

The facts and circumstances of each case determine whether a lower court's award constitutes a "set and determinable amount." *Shockley v. Director, Div. of Child Support Enforcement*, 980 S.W.2d 173, 175 (Mo.App. E.D.1998). Other Missouri cases have held that because there was an existing court order for a set or determinable amount, DCSE did not have jurisdiction to enter a new administrative support order pursuant to section 454.470. *See, e.g., Binns v. Missouri Div. of Child Support Enforcement*, 1 S.W.3d 544 (Mo. App. E.D.1999) (order that "[n]either party is obligated to the other as and for child support" constituted a set and determinable amount); *Shockley*, 980 S.W.2d at 175 (where father "was not ordered to pay any current child support and was ordered only to pay $100.00 per month toward an existing state debt," there was a set and determinable amount).

In the instant action, section 454.470.1 required DCSE to establish its jurisdictional authority before entering an administrative order against father for the support of his daughter. Here, the 1996 judgment of paternity included an order for the support and maintenance for daughter. It did not matter that the order, once in place, directed the payment of

zero dollars in support of daughter. The 1996 judgment constituted a "previously entered ... support order," which deprived DCSE of subject matter jurisdiction to grant an administrative support order for daughter. Section 454.470.1. DCSE's administrative order against father was void. Father's first point is granted.

■ In his second point, father challenges the trial court's award of attorney's fees. In his third point, father charges error in the trial court's finding that there was no acquiescence or agreement between the parties providing for a different child support amount. In light of our holding that the administrative order of child support was void, the trial court did not have jurisdiction to consider the issues of attorney's fees or of the existence of an agreement between the parties.

The judgment of the trial court in all respects is reversed.

CLIFFORD H. AHRENS, Presiding Judge and PATRICIA L. COHEN, Judge, concur.