**Sharon Jean SMITH, Petitioner–
Respondent,**

v.

**John Antonio SMITH and Missouri De-
partment of Social Services, Division
of Child Support Enforcement, Re-
spondents–Appellants.**

**No. SD 30010.**

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 2010.

Don W. Crank, Springfield, MO, for Appellant.

Dan K. Purdy, Osceola, MO, for Respondent.

JEFFREY W. BATES, Presiding Judge.

The trial court entered a judgment permanently enjoining the Missouri Department of Social Services, Division of Child Support Enforcement (DCSE) from collecting child support from Sharon Jean Smith (Mother). Because Mother waived the right to challenge the constitutionality of the underlying administrative child support order and accepted the burden of that order, the trial court's decision was in error. The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

The marriage of Mother and John Antonio Smith (Father) was dissolved on January 29, 1992. The circuit court awarded custody of the parties' minor child to Father. Because Mother was unemployed, the court did not order her to pay any child support to Father. No further activity occurred until 1994.

The version of § 454.496 in effect in 1994 authorized the DCSE to review an existing child support order and file a motion to modify the order. § 454.496.1

RSMo (1994).[1] The DCSE was required to set forth in writing the reasons for the modification and serve it on the party against whom the motion was made. *Id.* The DCSE then was required to give that party 30 days "either to resolve the matter by stipulated agreement or to serve the moving party and the director, as appropriate, by regular mail with a written response setting forth any objections to the motion and a request for hearing." *Id.* If that party did not object or request a hearing within 30 days, the DCSE was required to enter an administrative order granting the relief sought upon proof of service. § 454.496.2 RSMo (1994). To make the administrative order enforceable, the DCSE was required to file it with, and have it approved by, the court that entered the original child support order. § 454.496.6 RSMo (1994). The trial court was required to determine whether the administrative order complied with the provisions of Rule 88.01. *Id.*[2] The filing of the administrative order, however, started a 45–day time period for the trial court to take that action. In relevant part, this subsection of the statute stated:

> If no action is taken by the court within forty-five days of the filing of the administrative order with the court, and no petition for judicial review has been filed

pursuant to sections 536.100 to 536.140, RSMo, the court shall be deemed to have made a written finding that the administrative order complies with the provisions of supreme court rule 88.01 and to have approved the administrative order.

*Id.*

In December 1994, the DCSE prepared a motion to modify the child support order pursuant to the provisions of § 454.496 RSMo (1994). A copy of the motion was served upon Mother by certified mail on December 23, 1994. Mother took no action. On January 23, 1995, the DCSE entered an order requiring Mother to begin paying child support of $142 per month effective February 15, 1995. On January 25, 1995, the DCSE filed the motion, a certified mail receipt proving service upon Mother and the administrative order with the circuit court. Mother did not file a petition for judicial review within 45 days thereafter. The circuit court also took no action during that time period. Pursuant to the provisions of § 454.496.6 RSMo (1994), the administrative order was deemed approved on March 13, 1995.[3] On October 8, 1996, the DCSE filed an order directing Mother's employer to withhold $163 a month: $142 for current child sup-

---

1. This procedure was available to the DCSE at any time after the entry of a child support order in a case in which support rights had been assigned to the state of Missouri pursuant to § 208.040 or in a case in which support enforcement services were being provided pursuant to § 454.425. § 454.496.1 RSMo (1994).

2. Except for this reference to Rule 88.01 in effect in 1994, all further references to rules are to Missouri Court Rules (2009). Unless otherwise specified, all further references to statutes are to RSMo (2000).

3. The constitutionality of § 454.496.6 RSMo (1994) was addressed in *Chastain v. Chastain*, 932 S.W.2d 396 (Mo. banc 1996). Our Su-

preme Court decided that it was constitutional for the DCSE to possess the authority "to initiate a process to modify judicial child support orders." *Id.* at 397. However, the Court also decided that it was unconstitutional for "the General Assembly to require, then pretermit, judicial review of an administrative modification of a child support order if a court fails to approve the administrative order within forty-five days." *Id.* Accordingly, the Court held "that the default judicial approval provisions of section 454.496.6 violate article V, section 18 of the Missouri Constitution." *Id.* at 400. The Court made clear, however, "that the remaining portions of the statute may stand." *Id.*

port; and $21.30 per month to pay off a "state debt and/or arrearage of $2712." On November 19, 2007, Mother filed a motion to modify. The motion asked the court to "enter its Order setting aside the child support order entered herein by [the DCSE] ...; to enjoin [the DCSE] from purporting to enter a child support order in this case; [and] to reimburse [Mother] for all sums which heretofore have been expended and incurred from her...." On September 9, 2009, the circuit court entered a judgment decreeing that the DCSE was "permanently enjoined from collecting or attempting to collect child support from [Mother]." In making that decision, the trial court relied upon *Kubley v. Brooks*, 141 S.W.3d 21 (Mo. banc 2004), and *Collor–Reed v. Ward*, 149 S.W.3d 897 (Mo.App.2004). The DCSE appealed.

In this court-tried case, appellate review is governed by Rule 84.13(d). *In re Marriage of Looney*, 286 S.W.3d 832, 834 (Mo.App.2009). This Court must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[4] We review the trial court's determination of questions of law *de novo*. *Maggi v. Wood*, 244 S.W.3d 274, 277 (Mo. App.2008).

The DCSE presents two points of alleged error, which we will discuss together for ease of analysis. The DCSE contends the trial court erred in permanently enjoining the DCSE from collecting child support from Mother because: (1) she waived her right to challenge the validity of the March 1995 administrative order by failing to timely assert a claim that the order was entered pursuant to a portion of

§ 454.496 RSMo (1994) later held unconstitutional; and (2) Mother also is estopped from attacking the administrative order because she accepted the burdens of the order for many years. We agree with both arguments.

The trial court granted Mother's request for injunctive relief because the court decided that *Kubley* and *Collor–Reed* were controlling. That decision was in error. In both *Kubley* and *Collor–Reed*, the DCSE attempted to enter an administrative order pursuant to § 454.470.1 based upon the asserted absence of an existing court order. *Kubley*, 141 S.W.3d at 25; *Collor–Reed*, 149 S.W.3d at 899–900. In each case, that attempt was held improper because there was an existing court order in place. *Kubley*, 141 S.W.3d at 26; *Collor–Reed*, 149 S.W.3d at 900–01. Neither case involved an attempt by the DCSE to modify an existing support order pursuant to § 454.496 RSMo (1994). Indeed, our Supreme Court stated in *Kubley* that "[i]f DCSE believed a different support amount was proper, it was required to move for modification under section 454.496.5." *Kubley*, 141 S.W.3d at 27. In the case at bar, the DCSE utilized the modification procedure set forth in § 454.496 RSMo (1994). Therefore, neither *Kubley* nor *Collor–Reed* has any application here.

Instead, the outcome of this appeal is controlled by *Dept. of Social Services, Div. of Child Support Enforcement v. Houston*, 989 S.W.2d 950 (Mo. banc 1999). There, the DCSE sought to modify an existing child support order pursuant to § 454.496 RSMo (1994). The obligated parent, Houston, was served and failed to respond within 30 days as required. Thereafter, upon proof of service, the DCSE entered

---

**4.** *Murphy* interpreted the provisions of former Rule 73.01(c). The provisions of that rule were transferred, in essentially the same form, to Rule 84.13(d) effective January 1, 2000.

an order modifying child support. The order was filed with the circuit court. Houston did not file a petition for review, and the circuit court took no action to approve the order within 45 days. Pursuant to § 454.496.6 RSMo (1994), the court was deemed to have found that the administrative order complied with Rule 88.01. The obligee parent, Phillips, filed a lien request to enforce the order about two months later. Houston took no action to contest the lien. *Houston*, 989 S.W.2d at 950–51. Fifteen months after the administrative order was deemed approved and one year after the lien request was filed, Houston filed a motion to strike the modified order. The circuit court, relying on *Chastain v. Chastain*, 932 S.W.2d 396 (Mo. banc 1996), set aside the administrative order because it had been entered without judicial approval. The DCSE and Phillips appealed. *Houston*, 989 S.W.2d at 951.

On appeal, our Supreme Court addressed two issues: (1) whether Houston could challenge the administrative order 15 months after it was entered despite not having filed a petition for review or challenged the lien; and (2) whether an administrative order that was not signed by an article V judge could be enforced as a judgment. *Id.* at 951–52. This appeal presents the same two issues.

■ With respect to the first issue, our Supreme Court noted in *Houston* that "constitutional violations are waived if not raised at the earliest possible opportunity." The Court held that, "[b]ecause Houston did not file a petition for review, he waived any right to assert a constitutional claim or to have it asserted by the circuit court on his behalf." *Id.* at 952. In the case at bar, Mother similarly failed to file a petition for review. Therefore, she waived any right to assert, or have the circuit court assert on her behalf, that the deemed approval

procedure in § 454.496.6 RSMo (1994) was unconstitutional.

■ With respect to the second issue, our Supreme Court noted that "a party who accepts the burden of a child support modification order is estopped from challenging its validity." *Houston*, 989 S.W.2d at 952. Because Houston made no effort to challenge the validity of the administrative order for 15 months or contest the lien, the Court held that Houston's conduct constituted an affirmance of the validity of the order. *Id.* In the case at bar, Mother took no action to challenge the validity of the DCSE administrative order for over 12 years (March 1995 to November 2007). Moreover, an income withholding order was issued to Mother's employer in October 1996. There is no indication in the record that Mother took any action to contest that order. Indeed, it appears that Mother accepted the burden of the order because her November 2007 motion to modify expressly requested reimbursement of sums previously paid by her. Therefore, Mother is estopped from challenging the validity of the modified administrative order. *Id.* at 952–53.

Both of the DCSE's points are granted. The September 2009 judgment granting Mother's request for injunctive relief resulted from a misapplication of the law by the trial court. Therefore, that judgment is reversed. The cause is remanded for further proceedings consistent with this opinion.

BARNEY and BURRELL, JJ., Concur.